### 1118. COWART *v.* SAVANNAH ELECTRIC COMPANY.

1. The petition set forth a cause of action, and should not have been dismissed.

2. Neither a paragraph in a petition nor an allegation therein which constitutes only a portion of a paragraph should, on special demurrer, be stricken for defects not specified by the demurrer.

Action for damages, from city court of Savannah—Judge Freeman. May 28, 1908.

Submitted June 10, 1908.—Decided February 20, 1909.

*Oliver & Oliver,* for plaintiff.

*Osborne & Lawrence,* for defendant.

RUSSELL, J. The court below dismissed the plaintiff's petition, and also sustained certain special demurrers thereto, in a single order. We do not know from the record whether the plaintiff offered to amend in response to the special demurrers or not, before the judgment sustaining the general demurrer was entered, but

we assume, from the form of the order, that the general and special demurrers were considered together by the court, and that the court was of the opinion that, whether the special defects pointed out by the special demurrers could be cured or not, the material allegations of the petition failed to set forth such a cause as would entitle the plaintiff to a recovery.

We think that the general demurrer should have been overruled. According to the plaintiff's petition, he was driving a wagon on a public street and was approaching a public crossing. The defendant's car, which had been running very rapidly, slowed up and the motorman signalled him as if the car were going to stop. The plaintiff accordingly started to go across the street-car track, whereupon the motorman carelessly dropped his controller and the car suddenly bounded forward, overtook him before he had crossed, and injured him. It is possible that some of the allegations are subject to special demurrer; and as to some of the special demurrers it is also true that they themselves are demurrable. But while the court could rightly direct the plaintiff to amend in response to the special demurrers which he might sustain, or, upon failure to amend, strike the defective allegations, where the defect is specifically pointed out by the demurrer, still, should those paragraphs which are specially demurrable be stricken, enough would still remain to enable the petition to withstand the general demurrer. It may be that the paragraph alleging that the motorman signalled the plaintiff that it was his purpose to stop the car and permit him to cross is subject to special demurrer, but it is not subject to the special demurrer filed, to wit, that "the petition is defective in that it does not state or describe the directions given by the motorman to the plaintiff to cross the track, and because the acts which the petitioner claims gave him permission to cross the track could not bear that construction by a man in the exercise of ordinary care." In our opinion the acts of the motorman as described might have led the plaintiff to believe that the car was going to stop; and certainly whether the conduct of the motorman and the surrounding circumstances would be construed by a man of ordinary care as notice for him to cross is a question for the jury. As to whether the motorman should have rung a bell or sounded a gong as he approached the crossing in question, under the circumstances detailed by the plaintiff, is, for the reasons stated in *Cordray* v. *Sa-*

*vannah Electric. Co.,* ante, 625 (63 S. E. 710), likewise a jury question. Omitting any consideration of the other allegations of negligence, we think it is clear that the plaintiff should have been allowed to go to the jury upon the allegation that his injury was caused by the motorman "in removing the controller handle from the controller, and thus losing control of the current of electricity which operated the car, while said car was in close proximity to the wagon." The defendant would have been entitled to know, if he had demurred upon that ground, exactly what the plaintiff meant by "close proximity to the wagon;" but the statement of the petition, that the motorman was negligent "in removing the controller handle from the controller, and thus losing control of the current of electricity which operated the car, while said car was in close proximity to the wagon," if the conclusion that the location of the wagon was very close to the car is not questioned, of itself sets forth a good cause of action, when taken in connection with the statement that the plaintiff was about to cross the street and saw the car slacken its speed, and was injured. When the case goes before the jury, the injury by the railway company will of itself raise a presumption of negligence, and that the plaintiff was injured by the negligence alleged. If the court had stricken all of the other allegations of negligence, the plaintiff would still have had a sufficient case to put upon the defendant the burden of showing that the plaintiff's injury was not due to the fact that the motorman lost control of the car by removing his controller handle.

Taking the petition with all of the special demurrers sustained except the last portion of the fifth demurrer, it showed that "while driving westward on the north side of Barnard street, and approaching the intersection of Jones street and Barnard street, [the petitioner] discovered that a car of said defendant company was coming from the south and proceeding northward on the east track of Barnard street at a rapid rate of speed. Petitioner immediately reined in his horse, for the purpose of permitting the said street-car to pass on its northward journey before petitioner's horse reached the track; but after petitioner had reined in his horse and was in a position to have stopped his horse before the same would have stepped on the east track of Barnard street, the motorman in charge of the street-car checked the speed of his car

and seemed to petitioner to have the same under thorough control, and did not ring a gong or give other notice to petitioner not to proceed across Barnard street in front of the advancing car, but, on the contrary, by checking the speed of the car and failing to ring a gong, gave notice to petitioner that the car would stop before it reached petitioner, and that petitioner should drive across the east track in front of the car, whose speed was rapidly decreasing, and which was the full width of Jones street south of the wagon in which petitioner was driving. Petitioner, acting under the direction of said motorman, proceeded to drive across said track, and, when the wagon in which petitioner was riding was about up to the rails of the east track, the car of said defendant company, to petitioner's surprise and astonishment, suddenly and violently bounded forward, and, before petitioner could clear the track in front of said advancing car, the said car struck the wagon about midway, and knocked the same northward on said track a distance of ten or fifteen feet." The petition then proceeded to describe the injuries received by the plaintiff, and alleged that his injuries were due to the carelessness and negligence of the motorman in removing his controller handle from the controller, and thus permitting the full current of electricity to be applied to the car and to cause the same to bound forward and to strike the wagon in which the plaintiff was riding. This view of the case presents the petition with all of the special demurrers, save one, sustained; and still we think it presents a cause of action. As stated in *Douglas, Augusta & Gulf R. Co.* v. *Swindle,* 2 *Ga. App.* 550 (59 S. E. 600), the plaintiff could not admit even these allegations and escape liability. But the sixth paragraph could not be stricken as a whole, on the special demurrer urged against it, for the demurrer did not reach more than a portion of that paragraph. We are clear that the demurrer to the petition as a whole is not sustainable. As we have stated above, the defendant would have been entitled to information as to several matters, if the special demurrers had been framed to present the specific point, so as to invoke the ruling of the court; but in the absence of such special demurrers, the plaintiff presented a case, according to his statement, in which it might be found by the jury that he was misled by the conduct of the motorman into attempting to cross the track of the street-railway company, and perhaps would have safely crossed

·(unless Jones ·street is unusually narrow) before the car could have reached him, but for the fact that the motorman removed the handle of the controller and thereby negligently increased the ·speed of the ·car so much that the crossing, which before would have been ·safe, was, by this negligence, rendered dangerous. *Macon Ry. ·Co.* v. *Barnes,* 121 *Ga.* 445 (49 S. E. 282), and citations. What ·the plaintiff ·saw, and what the motorman did under the cir-·,cumstances, and whether either or both of the parties were negligent, are all questions of fact for the jury; and the court erred in deciding ·that, even ·admitting the allegations of the petition to be ·true, ·the ·plaintiff ·had no case.       *Judgment reversed.*