4837. COLLINS *v.* AUGUSTA-AIKEN RAILWAY & ELECTRIC CORPORATION.

1. It is the duty of the motorman of a street-railway car, in propelling the car through the public streets, to notice the presence of pedestrians, and at all times to be watchful to see that the way is clear; and, where he has reason to apprehend danger or should in the exercise of ordinary care become cognizant of danger, he should regulate the speed of his car so that it could be quickly stopped should the occasion require it.

2. One can not recover damages for the negligence of another, the consequences of which he could have avoided by the exercise of ordinary care after the negligence became apparent or should reasonably have been apprehended. Generally, negligence is a question of fact to be determined by the jury. A petition seeking to recover damages on account of alleged negligence should not be dismissed on the ground that the plaintiff could by the exercise of ordinary care have avoided the consequences of the negligence alleged, unless the petition discloses facts demanding such a conclusion as a matter of law.

DECIDED JULY 22, 1913.

Action for damages; from city court of Richmond county—Judge W. F. Eve. March 4, 1913.

*Isaac S. Peebles Jr., Thomas F. Harrison,* for plaintiff, cited: Hopkins on Personal Injuries, §§ 137, 41, 85, 92, 100; *L. & N. R. Co.* v. *Plunkett,* 6 *Ga. App.* 684; *Dobbs* v. *Rome Ry. Co.,* 8 *Ga. App.* 350; *Electric Ry. Co.* v. *O'Connor,* 99 *Ga.* 64; *Coleman* v. *Wrightsville & Tennille R. Co.,* 114 *Ga.* 386; *Central Ry. Co.* v. *North,* 129 *Ga.* 110; People *v.* Squire, 107 N. Y. 593 (1 Am. St. R. 893); Birmingham Ry. Co. *v.* Hays, 44 So. 1032; Birmingham Ry. Co. *v.* Jones, 45 So. 177; Scott *v.* San Bernardino Traction Co., 93 Pac. 677; Pickett *v.* Wilmington & W. R. Co., 117 N. C. 616 (23 S. E. 264, 53 Am. St. R. 611); Smith *v.* Salisbury & S. Ry. Co., 77 S. E. 966; Am. Dig. 1908 A, § 117.

*Boykin Wright, George T. Jackson,* for defendant, cited: 2
Hopk. Pers. Inj. 521; *Ga. Pac. Ry. Co.* v. *Richardson,* 80 *Ga.* 727;
*Hill* v. *L. & N. R. Co.,* 124 *Ga.* 243 (2), 247; *Jarrett* v. *A. & W.*
*P. R. Co.,* 83 *Ga.* 348 (2); *Freeman* v. *Savannah Electric Co.,* 130
*Ga.* 451; *Roach* v. *Atlanta &c. Ry. Co.,* 119 *Ga.* 99; *McIver* v. *G. S.*
*& F. R. Co.,* 108 *Ga.* 306; *Atlanta Ry. & Power Co.* v. *Owens,* 119
*Ga.* 836; *Harris* v. *Sou. Ry. Co.,* 129 *Ga.* 388, 391-2; *Thomas* v.
*Cen. Ry. Co.,* 121 *Ga.* 38; *Cen. R. Co.* v. *Smith,* 78 *Ga.* 694, 698-9;
*Lloyd* v. *City & Suburban Ry. Co.,* 110 *Ga.* 165, 167; *W. & A. R.*
*Co.* v. *Ferguson,* 113 *Ga.* 708, 711-13; *Bartlett v.* Worcester Consol.
St. R. Co., 189 Mass. 360 (75 N. E. 706); *Macon Ry. Co.* v. *Barnes,*
121 *Ga.* 445; *Cain* v. *Macon R. Co.,* 97 *Ga.* 298.

POTTLE, J. The plaintiff sought to recover of the street railway
company damages for alleged personal injuries. The allegations
of the petition made substantially the following case: Broad
street is one of the main public thoroughfares in the City of Au-
gusta, running approximately east and west. About three o'clock
in the afternoon the plaintiff started to cross Broad street from
the south side thereof to watch out for one of the defendant's
street-cars going westward up Broad street. When about two feet
from the track and looking eastward along Broad street to dis-
cover the approach of the car for which he was watching, one of
the defendant's cars came down Broad street, going in an easterly
direction, and, suddenly and without any warning to the plaintiff,
struck him, knocking him to the ground, as a result of which he
sustained serious injuries. He was in full view of the motorman in
charge of the car, and by the exercise of ordinary diligence his
presence could have been discovered and warning given him of
the approach of the car, but the motorman failed to keep a lookout
so as to discover his presence. The plaintiff was without fault,
and his injuries were the result of the defendant's negligence in
failing to discover his presence and give him warning of the ap-
proach of the car, and in failing to stop the car in order to avoid
striking him. By amendment it was alleged, that just prior to the
time when he was struck by the car, the plaintiff looked up the
track in the direction from whence the car came and saw only one
car, which passed him. He then stepped near the track to look
for the car which was to come up the street westward. It was
raining and he could not by the exercise of ordinary diligence have

discovered the presence of the car that struck him, which was running at a high rate of speed and was off its schedule, and he had no reason to anticipate its presence on the track at the time. He stood near the track for a minute before he was struck, and was in full view of the motorman, who knew and should have known his peril. The court sustained an oral motion to dismiss the petition as amended, on the ground that it set forth no cause of action; and the plaintiff excepted.

1. If the petition sufficiently charges actionable negligence as the proximate cause of the injury, the suit should not have been dismissed, unless it also alleges facts which show that by the exercise of ordinary care the plaintiff could have avoided the consequences of the defendant's negligence. The plaintiff was not a trespasser. The defendant had no exclusive right to use the public street. If the plaintiff had no right to be where he was when the injury occurred, the defendant was under no duty to anticipate his presence, and consequently would be liable to him only for failure to exercise ordinary care after he had been discovered in a perilous situation. The employees in charge of a car of a street-railway company are under the duty to exercise ordinary care to discover pedestrians and others using a street, whether at a street-crossing or elsewhere. It does not appear from the petition that the plaintiff was at a street-crossing, or that he was at a place where the cars usually stopped to take on passengers; but all this is immaterial. The plaintiff had the right to cross the street or to stand upon the street at any point on it. The street-railway company was bound to know that he had this right, and it was therefore under the duty to be on the lookout. As was said in *Perry* v. *Macon Consolidated St. R. Co.,* 101 *Ga.* 410 (29 S. E. 308), "It is undoubtedly the duty of the motorman, in propelling a car through the public streets, to notice the presence of other vehicles and pedestrians ahead of his car, and at all times be watchful to see that the way is clear; and where he has reason to apprehend danger, or should in the exercise of ordinary care become cognizant of danger, he should regulate the speed of his car so that it may be quickly stopped should occasion require it." See, also, Booth on Law of Street Railways, § 311. *Cowart* v. *Savannah Electric Co.,* 5 *Ga. App.* 664 (63 S. E. 804). In *Cordray* v. *Savannah Electric Co.,* 5 *Ga. App.* 629, 634 (63 S. E. 714), this

court said: "Except as to that portion of the street used by the tracks of a street-car company, and the additional lateral space necessary for the passage of its cars, pedestrians have rights to the use of streets of a city which are equal to those of a street-car; and failure to ring the bell or to give some other warning that a car which has stopped is about to resume its journey may be negligence as to a pedestrian who is either passing in the street or has stopped in a position where it is probable that he may be injured unless he is advised of the approach of the car."

It being alleged that the plaintiff was in full view of the defendant's motorman, and that the motorman negligently failed to keep on the lookout to discover his presence, or, if his presence was discovered, failed to give any warning of the approach of the car, the petition charges negligence sufficiently to withstand a motion to dismiss. By way of defense the company is entitled to the benefit of the rule that generally, "if a person be seen upon the track, who is apparently capable of taking care of himself, the motorman may assume that he will leave the track before the car reaches him; and this presumption may be indulged so long as the danger of injuring him does not become imminent, but no longer." *Perry* v. *Macon Consolidated St. R. Co.*, supra. But there is nothing in the allegations of the petition which authorized the court to apply this principle in the defendant's favor and hold, as a matter of law, that upon its application the plaintiff was not entitled to recover. Whether the plaintiff's position was such as to authorize the motorman to assume that he could and would leave his perilous position, and whether the motorman was negligent in failing to give him warning of the approach of the car, were questions of fact to be settled by the jury.

2. The fact that one who sues another for damages resulting from negligence could, by the exercise of ordinary care, have avoided the consequences of such negligence is a matter of defense. As to whether it should be affirmatively pleaded in order to enable the defendant to take advantage of it, see *Savannah Electric Co.* v. *Lackens*, 12 *Ga. App.* 765 (79 S. E. 53), and *Atlantic Coast Line R. Co.* v. *Canty*, 12 *Ga. App.* 411 (77 S. E. 659). But even though the defense may be raised under a general denial of an allegation that the plaintiff was free from fault, a petition will not be dismissed on the ground that the plaintiff could by the exercise of

ordinary care have avoided the consequences of the negligence alleged, unless the petition affirmatively discloses facts from which such a conclusion would be required. If a pedestrian enters upon a portion of the highway devoted primarily to vehicles, the environment may require him to exercise greater care for his own protection than if he remained on the sidewalk. *William Bensel Construction Co.* v. *Homer,* 2 *Ga. App.* 369 (58 S. E. 489). But the mere fact that he does use a portion of the highway primarily intended for vehicles does not as a matter of law convict him of such negligence as would altogether defeat a recovery for damages resulting from the negligence of the driver of a vehicle along the highway. The duty to exercise ordinary care to avoid the consequences of another's negligence does not arise until the negligence becomes operative and is apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence. *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802). *Savannah Electric Co.* v. *Lackens,* supra.

Questions of negligence are peculiarly for the jury. It is rare that the court can say as a matter of law that a given state of facts demands a finding that the person was guilty of such negligence as would authorize a recovery of damages against him, or of such negligence as would defeat a recovery of damages on account of negligence of another person. It is equally difficult for the court to hold as a matter of law that one party was guilty of a greater quantum of negligence than another where the injury resulted from the concurrent negligence of both. In most cases it is for the jury to compare the negligence of the respective parties and determine which preponderates. From the exhaustive and well-prepared brief of counsel for defendant in error, it is apparent that the trial judge dismissed the petition mainly upon the ground that the plaintiff could by the exercise of ordinary care have avoided the consequences of the defendant's negligence, and that his injury was attributable to his failure to exercise due care for his own safety. We think this issue should not have been resolved against the plaintiff as a matter of law, but rather that the question should have been submitted to the jury to be determined by them as an issue of fact. Let it be conceded that the plaintiff was negligent in taking a position near the defendant company's track along

which a car was likely to move at any moment. In this position ordinary care would require him to look out for cars, and generally to exercise such diligence as an ordinarily prudent person should exercise under like circumstances and in a like situation. But this duty did not relieve the company of its obligation to exercise ordinary care to be on the lookout for the plaintiff and to take such precautions as ordinary prudence would dictate, to prevent injury to him. Even if it be conceded that under the allegations of the petition both the plaintiff and the defendant were negligent in failing to exercise the duty which the law imposed upon them respectively, the court could not say as a matter of law that the plaintiff's injuries were due solely to his failure to exercise ordinary care rather than to the defendant's negligence. But the plaintiff alleges that he was on the lookout, that the car was off schedule and he had no reason to anticipate the defendant's presence on the track, and that at the time the motorman was running at a high and negligent rate of speed. He says that the motorman could have seen him and that his failure to do so was negligence. It is true it is alleged that it was raining and that the plaintiff could not see the car. This may likewise be a good reason why the defendant's motorman could not see the plaintiff. But taking the allegations of the petition all together, it can not be said that the plaintiff has alleged facts from which it must be determined as a matter of law that the motorman could not see him. This was a question for the jury. If the motorman ought to have seen the plaintiff and could have seen him, and negligently struck him with the street-car and injured him, the plaintiff would be entitled to recover, unless the jury should find that he himself was lacking in diligence, and by the exercise of ordinary care could have avoided the consequences of the defendant's negligence after it became apparent to him or while he was in a position where ordinary care required him to apprehend the existence of such negligence.

*Judgment reversed.*