17536.　HADDON *v.* SAVANNAH ELECTRIC & POWER COMPANY.

BROYLES, C. J. The petition, properly construed most strongly against the plaintiff's cause, shows that by ordinary care he could have avoided the consequences of the alleged negligence of the defendant after such

---

Street Railroads, 36 Cyc. p. 1527, n. 2; p. 1528, n. 6; p. 1573, n. 44.

negligence became existent, and the court did not err in dismissing the case upon the general demurrer interposed. The case of *Cowart* v. *Savannah Electric Co.*, 5 *Ga. App.* 664 (63 S. E. 804), relied on by counsel for the plaintiff in error, is distinguished by its particular facts from this case.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED DECEMBER 14, 1926.

Action for damages; from city court of Savannah—Judge Freeman. May 17, 1926.

The action was for injuries from a collision of the plaintiff's automobile-truck with a street-car at the intersection of streets. The petition alleges that in the city of Savannah in the daytime the plaintiff was driving a heavily loaded one-ton truck eastwardly along the right-hand side of the southern roadway of 37th street (an avenue 100 feet wide) at a speed of 12 miles an hour, approaching Barnard street and intending to cross it on his way eastward. Barnard street runs north and south across 37th street, is about 75 feet wide, and along it run double-tracks of the defendant's electric street-railway. The plaintiff began to slow up his truck as he approached the intersection of these streets, and when within 50 feet of the western rail of the defendant's track he looked north along Barnard street and observed a car of the defendant approaching from the north on the western track. The car was about 200 feet from him, coming at a moderate rate of speed and slowing up for the crossing at 37th street, as was usual, to allow vehicles and pedestrians on 37th street to pass in safety. As the car appeared to be about to stop at the crossing and seemed to be under perfect control, and no bell had been rung and no other notice not to cross had been given, "but on the contrary, the operator of the car, by checking its speed and not ringing a gong, had invited a crossing," the plaintiff, who had reduced the speed of his truck to four miles an hour and was in position to halt it immediately if necessary, looked south along Barnard street, and, seeing nothing approaching from that direction, started to cross Barnard street, and the street-car tracks. At that instant the plaintiff, who was then about eight feet from the western rail of the western track, looked again toward the car and saw, to his surprise, that the operator of the car, which was then approximately 80 feet from him, had negligently thrown on the current of electricity propelling the car and, without any warning to him, al-

though his truck was in full view, and, in disregard of his rights, was driving the car down upon him at the rate of 20 miles an hour, and that a collision was imminent; and, seeing that he would not have time to avoid the collision and in an effort to avoid it, he swung his truck around at right angles south into Barnard street, and had gotten into that street a distance of about ten feet south of the southern line of 37th street when his truck was struck by the defendant's car (which had continued its course unchecked) with such force that the heavy truck, weighing with its load some 7,050 pounds, was thrown 30 feet to the western grass plot of Barnard street, the speed of the car at the moment of impact being such that it did not stop until it had run about 130 feet farther.  Injuries from the collision are described, and specific allegations of negligence are made.  A speed ordinance of the city was set out by amendment.  The judge held the general demurrer "good in view of 16 *Ga. App.* 1, and 741, and 22 *Ga. App.* 676."

*George C. Heyward Jr., Charles D. Russell,* for plaintiff, cited: 5 *Ga. App.* 664; Id. 625; 13 *Ga. App.* 124, 128; Civil Code (1910), § 2780; 146 *Ga.* 297; 143 *Ga.* 93; 121 *Ga.* 443; 22 *Ga. App.* 676; 16 *Ga. App.* 741; Id. 1.

*Lawrence & Abrahams,* for defendant, cited: 16 *Ga. App.* 1; Id. 741; 22 *Ga. App.* 676; Civil Code (1910), 4426; 87 *Ga.* 6; 129 *Ga.* 388; 121 *Ga.* 38; 30 *Ga. App.* 466 (4), 468; 35 *Ga. App.* 369; 208 N. W. 932.