## 23397. KATZ v. TURNER.

GUERRY, J. 1. Where a judge, in sustaining a special demurrer, provides an opportunity for the plaintiff to amend his petition, and the amended petition is sufficient to withstand the amended demurrer (or the motion to dismiss as in the present case), the case is still in court and should not be dismissed. The court did not err in denying the defendant's motion to dismiss the petition. *Olds Motor Works* v. *Olds Oakland Co.,* 140 *Ga.* 400 (78 S. E. 902).

2. A demurrer, being a critic, must itself be free from faults. *Douglas, Augusta & Gulf Ry. Co.* v. *Swindle,* 2 *Ga. App.* 550 (59 S. E. 600); *Charleston & Western Carolina Ry. Co.* v. *Lyons,* 5 *Ga. App.* 668 (63 S. E. 862). A special demurrer must itself clearly point out the special information desired or necessary. An allegation that food was prepared for supper at 6 p. m. and eaten at supper is sufficient, as against demurrer on the ground that the petition does not show when the food was eaten. If the exact time of the eating was material, the special demur-

rer should have called for the same. *Medlock* v. *Aycock*, 16 *Ga. App.* 813 (86 S. E. 455).

3. A special demurrer containing 53 grounds should itself point out with particularity the alleged special defects. "A special demurrer goes to the structure merely, and it must distinctly and particularly specify wherein the defect lies." *Scott* v. *Central of Ga. Ry. Co.*, 18 *Ga. App.* 159 (88 S. E. 995); *Alford* v. *Davis*, 21 *Ga. App.* 820 (95 S. E. 313); *Cowart* v. *Savannah Electric Co.*, 5 *Ga. App.* 664 (63 S. E. 804). The court did not err in overruling the demurrer to the petition as amended.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED APRIL 6, 1934.

*White, Poole, Pearce & Gershon,* for plaintiff in error.

*Thomas E. Scott, Bert Thomas, Norman DeKrasner, Sidney J. Goodman,* contra.