27308.  SPRAYBERRY *v.* SNOW *et al.*

Decided February 14, 1939.  Rehearing denied March 23, 1939.

*John Henry Poole,* for plaintiff.

*J. P. Knight, Langdale, Smith & Tillman,* for defendants.

Guerry, J.  The plaintiff brought suit against Roop Snow, Stocky Bryant, and Will Furlow for the alleged tortious death of her husband.  The petition was in two counts.  The first count alleged that at about twelve o'clock at night the truck owned and operated by the defendant Snow was stopped beside the paved highway in Berrien County, because the water in the radiator was too low and it had become heated.  It was parked at an angle, the rear end being nearer the center of the road, the front fender being within nine inches of the edge of the road and nine and three-fourths feet from the center of the road, and the rear end within

six or seven feet of the center of the road. The outer side of the pavement was sandy and uneven and dangerous to walk on. Plaintiff's husband was *walking* along said roadway and stopped opposite the cab of the truck and was talking to the driver of the truck. The lights of the truck were not dimmed but threw a blinding and glaring light. Another car, controlled by Furlow, and being driven at the time by Bryant, with Furlow riding in the car, approached from the opposite direction at a rapid rate of speed, forty-five miles an hour, and although Bryant was blinded by the lights of the truck he did not slacken his speed and ran into and against plaintiff's husband and killed him. The negligence alleged as against Snow was that he failed to dim his lights, that he parked his truck as alleged, and that he failed to put out flambeaux to warn traffic. The negligence alleged as to the other two defendants was as to the rate of speed at which they were driving, and the driving across the road and striking the deceased while he was standing talking to the driver of the truck.

The second count alleged the position of the truck as the same, and the same negligence as to the parking and failure to place warnings, and alleged further that the place where the truck was parked was three hundred feet from the crest of a hill and that the truck was parked *without bright lights* being switched on while it was parked, and thus caused the car of Furlow to be driven against the deceased. No demurrer or answer was filed by Bryant, the driver of the car; Furlow filed an answer and a demurrer, and Snow, the owner of the truck, filed his demurrer. Exceptions were taken to the sustaining of these demurrers. Snow, alone of defendants in error, filed briefs in this court.

We may say in the beginning that as to the defendant, Snow, the allegations as to negligence in the parking of the truck showed no violation of any duty owed by Snow to the deceased, a pedestrian. As was said in *Platt* v. *Southern Photo Material Co.,* 4 *Ga. App.* 159 (60 S. E. 1068) : "Before negligence per se, or any other form of negligence, is actionable in a given case, it must appear that the broken duty was due the plaintiff personally or as a member of a class; . . In determining whether the violation of a statute is such negligence as to support the alleged cause of action, the court is called upon to examine the law as in respect to its purposes." See also *Huckabee* v. *Grace,* 48 *Ga. App.* 621, 630

(173 S. E. 744), and cit. The law with respect to parking cars on public roads, the placing of warnings, and the like, was not for the protection of the pedestrian under the facts as alleged in this case, and no duty owed to him was violated. The only allegation as respects negligence alleged against Snow is the failure to dim his lights which blinded the driver of an approaching car. If the suit were between the owners of the truck and the car, it might be that the failure of a driver who has been blinded by lights of an approaching car to slacken his speed, or even to stop, would be such negligence as would prevent his recovery against the one who failed to dim his lights, even though it should be decided that such failure was a lack of ordinary care.

Conceding in the present case that the failure to dim the lights may have been negligence, was such failure the proximate cause of the injury to plaintiff's husband who had been standing for several minutes talking to the driver of the truck? In other words, was the injury complained of here a natural and probable consequence of the failure of the truck operator to dim his lights upon the approach of the car from the opposite direction? It will be noted that the front end of the truck was nearer the edge of the road than the rear end, and that necessarily the lights were not shining directly down the road on which the car of Furlow was approaching. If the front left fender was only nine inches from the edge of the twenty-one foot pavement, the lights were themselves shining off the pavement. In proximate cause cases, "The rule is, that, in order to recover for an injury alleged to have resulted from the negligence of another, the injury must be the natural and probable consequence of the negligence; or, as otherwise stated, the wrong and the resulting damage must be known by common experience to be naturally and usually in sequence. The damage, according to the usual course of events, must follow from the wrong. . . If damages are traceable to an act of negligence, but are not its legal or material consequence, or if other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote and contingent to be the basis of a recovery." *Mayor &c. of Macon* v. *Dykes,* 103 *Ga.* 847 (31 S. E. 443). The connection between the original wrongful act, the failure to dim the lights which was alleged to be wrongful in this case, and the subsequent injury must be such that its natural

and probable consequences could reasonably have been anticipated, apprehended, or foreseen by the alleged original wrongdoer, the driver of the truck. We think this rule so well settled in Georgia that it is unnecessary to cite the numerous cases sustaining it.

In *Lellon* v. *Kilchen,* 166 *Ga.* 121 (142 S. E. 658), it was said "Causal relation is generally a question of fact, and is always one for determination by a jury, except where the facts are such that they will support only the reasonable inference that the negligence charged did not appreciably contribute to the injury complained of." In the *Letlon* case, supra, the majority opinion said that the negligence alleged, being negligence per se under the facts shown, it became a jury question. In *Rome Railway & Light Co.* v. *Jones,* 33 *Ga. App.* 617 (127 S. E. 786), it was said "A demurrer to a petition should be sustained where it appears from the plaintiff's pleading that the negligence charged against the defendant was not the proximate and effective cause of the injury." See also *Cain* v. *Georgia Power Co.,* 53 *Ga. App.* 483 (186 S. E. 229). Without further burdening this decision with the limitless citations, we hold that the failure to dim the lights by the driver of the truck on the occasion and under the circumstances alleged was not the efficient cause of the injury complained of. We can say on demurrer that it could not be foreseen by the driver of the truck that the natural and probable result of his failure to dim his lights would result, under the conditions present, in the driver of an approaching automobile leaving his own side of the road, running seven or eight feet on the wrong side of the road, and striking a pedestrian. We are not holding that under no conditions could the failure to dim lights be the proximate cause of an injury caused by another car. We are holding that the injury complained of here was not the natural and probable consequence of such failure. As stated above, the other alleged acts of negligence charged against Snow were not violations of any duty owing the deceased pedestrian, nor did they contribute to the injury. The demurrer to the first count was properly sustained. See *Morrison* v. *Columbus Transportation Co.,* 39 *Ga. App.* 708 (2) (148 S. E. 276).

The second count differs from the first in that it is alleged that the driver of the truck did not have his bright lights burning. It is not alleged that he did not have his parking lights burning. That being true, and on demurrer it will be so construed, the count

failed to allege the violation of any duty owing to the plaintiff's husband.

We think, however, that a cause of action was alleged as against the owner and the operator of the car which struck and killed the deceased. It is alleged that these defendants drove their car, while at a speed of forty-five miles per hour, seven or eight feet to the left of the center of the road and killed the plaintiff's husband. In 1 Blashfield's Cyclopedia Automobile Law, 354, we find the following: "The fact that the headlights of an approaching machine make it more difficult for a motorist to see pedestrians or other persons on the side of the road does not relieve him of the duty to use proper care to observe their presence, but rather requires that he exercise greater caution in that respect." In 3-4 Huddy's Automobile Law, 91, it is said: "When the view of an automobilist is obscured by smoke, or weather conditions, or is cut off by an obstruction, or where his eyes are blinded by the sun or by lights, he is required to exercise care and caution in keeping a lookout commensurate with the increased danger." Also see on page 59: "The fact that a driver is temporarily blinded by the lights of an approaching automobile is to be considered on the question whether he is negligent in the management of his machine. If, however, he continues his progress, negligence may be charged against him." See Ward v. Donahue, 8 La. App. 335; 5 Am. Jur. 652.

The judgment is affirmed as to Roop Snow, and reversed as to Will Furlow.

*Affirmed in part and reversed in part. Broyles, C. J., and MacIntyre, J., concur.*