33260. MONDAY *v.* LIFE & CASUALTY INS. CO. OF TENN.

DECIDED NOVEMBER 16, 1950.

*J. L. Davis,* for plaintiff in error.
*Leon & Dean Covington,* contra.

FELTON, J. In an action on an insurance policy it is necessary to allege only that which appears on the face of or in the body of the policy preceding the signature of the officers by whom the policy is executed. *Southern Mutual Ins. Co.* v. *Turnley,* 100 *Ga.* 296 (27 S. E. 975); *Life & Casualty Ins. Co. of Tenn.* v. *Burkett,* 38 *Ga. App.* 329 (144 S. E. 29). Omission of such allegation is taken advantage of by special demurrer. *Gonackey* v. *General Accident, Fire &c. Assur. Corp.,* 6 *Ga. App.* 381 (65 S. E. 53). A demurrer, being a critic, must itself be free from fault. A special demurrer must itself clearly point out the special information desired or necessary. *Katz* v. *Turner,* 49 *Ga. App.* 81 (174 S. E. 167). A demurrer reaches only a defect appearing on the face of a petition. A demurrer to the petition "because a copy of what appears upon the face or in the body of the policy sued on is not attached to said petition or incorporated therein" does not reach the alleged defect in the petition because it does not appear on the face of the petition whether it set out the material provisions of the policy referred to in Code § 81-105. A demurrer based on that ground should point out that the petition did not *allege that it contained* that which appeared on the face of or in the body of the policy *preceding the signatures of the officers who executed the policy.*

The petition as a whole stated a good cause of action as against a general demurrer.

The court erred in sustaining the demurrer and in dismissing the action.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*