33659. LORIG *et al. v.* BRUNSON.

Decided July 16, 1951. Rehearing denied July 30, 1951.

*James V. Davis, E. A. Landau Jr., Farkas & Burt,* for plaintiffs in error.

*S. B. Lippitt,* contra.

GARDNER, J. The petition as amended alleged facts tending to show that her son, age 14 years, was crossing a public highway, which was straight and unobstructed, and that he was in plain view to approaching automobiles from the north; that he had his back turned towards the north; that after he had gotten within one foot of the other side of the road, the left side thereof going towards Albany, the direction in which the truck of the defendants was traveling, the defendants' truck swerved to the left over the center white line of the highway and over the extreme left and struck the plaintiff's son as he was about to step upon the curb on the other side thereof. The petition alleges that the driver did not have the truck under control, did not apply his brakes, did not keep a proper lookout ahead, and drove same at an unlawful speed. It was also alleged that he was negligent in attempting to pass the motorcycle going in the same direction when the way was not clear, the son of the plaintiff being in plain view with his back turned, and the road being narrow at this point, only 22 feet and 6 inches wide. In these circumstances, it cannot be said that it appears from the petition as amended that no cause of action is set forth. Furthermore, it does not appear as a matter of law that the death of the plaintiff's son was caused by his own failure to exercise ordinary care in the premises. He had a right to cross this highway at this point.

The plaintiff sets up facts tending to show a violation of certain provisions of the Georgia Motor Vehicle Laws, as embodied in Code (Ann. Supp.) §§ 68-301 (a), (b), 68-304 and 68-303 (d), and alleges that the same contributed to and resulted in the death of her son. There is no merit in the contention that it appears from the petition that these acts of negligence did not result in the death of the plaintiff's son.

The petition alleged facts sufficient for submission to a jury

as to whether the driver of the defendants' truck was negligent in attempting to pass this motorcycle with the plaintiff's son in plain view and the highway being narrow. The petition alleged facts from which the jury might find the defendant negligent in not seeing the plaintiff's son crossing this highway, which was straight and unobstructed at this point, and also in traveling at said time and place, when he saw or ought to have seen her son, at a fast and reckless speed in excess of the 55 miles an hour permitted by the law.

This court has held that "a pedestrian and a person with an automobile have each the right to use the public highways but the right of an operator of an automobile upon the highway is not superior to the right of the pedestrian, and it is the duty of each to exercise his right with due regard to the corresponding rights of the other, and also that a pedestrian when using the highway is not bound to be continually looking and listening to ascertain if automobiles are approaching, and if he fails to do so, he is not as a matter of law conclusively so negligent as to prevent a recovery, where the driver of the car is negligent. See *O'Dowd* v. *Newnham,* 13 *Ga. App.* 220 (80 S. E. 36); *Eubanks* v. *Mullis,* 51 *Ga. App.* 728 (181 S. E. 604). This court has held that the law of the road does not restrict a pedestrian to any particular part of a highway or street for the purpose of travel, but he may cross such highway at any place he desires, if he uses due care, and the operator of an automobile approaching along such highway must anticipate the possibility that pedestrians on the highway may cross over the same. The driver of a car has no right to assume that the road ahead of him is clear, but he must keep a vigilant lookout ahead for pedestrians on the road. *Claxton* v. *Hooks,* 68 *Ga. App.* 383 (23 S. E. 2d, 101).

The plaintiff's petition was not subject to demurrer because she did not set out therein facts clearly averring that her son was without fault or that by the exercise of ordinary care he could have avoided the injury. See *Collins* v. *Augusta-Aiken Ry. &c. Corp.,* 13 *Ga. App.* 124 (78 S. E. 944).

It is true that a person may drive upon the left side as well as his right side of the highway without being negligent. However, before getting off the right-hand side, he should ascertain that the way ahead of him is clear and that there is no person

walking across same on the left side that he might strike. See *McGee* v. *Young*, 132 *Ga.* 606, 608 (4) (64 S. E. 689). As stated, the driver of an automobile has no right to assume that the road ahead of him is clear, but must keep a vigilant lookout for pedestrians and other traffic ahead of him. In *O'Dowd* v. *Newnham*, supra, this court held that if a pedestrian is properly upon the public highway, he has the right to assume that the drivers of approaching cars are on the lookout for him. The plaintiff's petition was not subject to general demurrer because it appeared therefrom that her son was negligent and such negligence caused his death or because she failed to allege facts showing that he was not negligent but was in the exercise of proper care for his own safety.

There were sufficient facts alleged tending to show that under the circumstances the defendants' truck driver was negligent in approaching where the plaintiff's son was crossing this highway at a fast and reckless speed, and in attempting to pass the other motor vehicle going in the same direction and swerving over the center line of the highway to the extreme left side thereof in attempting so to do, where the highway was straight and unobstructed at this point, and also where, under the facts, he either saw or ought to have seen the plaintiff's son, who had almost reached the left-hand curb when struck by the truck. These allegations are enough to carry the case to the jury. It does not appear that the plaintiff's son saw this approaching truck or had reason to know it was coming.

Questions of what amounts to negligence and what is the proximate cause of an injury, address themselves to the determination of the jury, and this court will decline to solve them except in plain and indisputable cases. *Atlantic Coast Line R. Co.* v. *Daniels*, 8 *Ga. App.* 775 (70 S. E. 203) ; *Rome Ry. & Light Co.* v. *King*, 30 *Ga. App.* 231 (117 S. E. 464), and cit. This is not a case where the questions of negligence raised by the plaintiff's petition as amended are so plain and indisputable that this court will undertake to determine the same as a matter of law, but the petition as amended makes a case to be passed upon by the jury.

Furthermore, as to any alleged negligence of the plaintiff's son in crossing this highway at said time and place, it appears

that, without the alleged negligence of the driver of the truck, he would not have been injured, and it does not appear that his being killed was the proximate cause of his failing to exercise due care for his own protection in the premises. Also we do not have in this State the contributory-negligence doctrine, but the comparative-negligence doctrine, and if the jury found the plaintiff's son to be negligent, but that the negligence of the driver of the truck was greater than that of the plaintiff's son, she would still be entitled to recover of the defendants.

The plaintiff's petition alleges sufficient facts to be submitted to a jury as to the alleged negligence of the driver of the truck and was not subject to general demurrer on any of the grounds urged. The judgment of the court overruling the special grounds of demurrer, under the view which we take of this case, fails to show error. The court properly overruled the demurrers of the defendants, general and special.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*