34138.   MILLER *v.* ROWLAND *et al.*

DECIDED JULY 16, 1952.

530

*Sharpe & Layne,* for plaintiff in error.
*Milton C. Grainger,* contra.

FELTON, J. If for no other reason we think the petition alleged a good cause of action on the alleged negligence of continuing to drive 55 miles per hour when blinded by the lights of an approaching vehicle. "The driver of a car who is blinded by the lights of an oncoming car should exercise a care and caution commensurate with the increased danger to others who may be traveling the same road." *Sprayberry* v. *Snow,* 59 *Ga. App.* 744 (5) (1 S. E. 2d, 756). Motor vehicles and pedestrians have equal rights on the highway, the right of the automobile not being superior to that of the pedestrian. *O'Dowd* v. *Newnham,* 13 *Ga. App.* 220 (1) (80 S. E. 36) ; *Flowers* v. *Faughnan,* 31 *Ga. App.* 364 (1) (120 S. E. 670). The driver of a motor vehicle has no right to assume that the way ahead is clear, but he must keep a vigilant lookout ahead for pedestrians in traffic. *Sapp* v. *Shumate,* 81 *Ga. App.* 432, 435 (59 S. E. 2d, 8) ; *Claxton* v. *Hooks,* 68 *Ga. App.* 383, 385, (23 S. E. 2d, 101) ; *Lorig* v. *Brunson,* 84 *Ga. App.* 558, 562 (66 S. E. 2d, 268). Under the last-stated principle of law we think a jury would be authorized to find that continuing to drive an automobile at a speed of 55 miles per hour while blinded by lights of an approaching vehicle constituted negligence and the proximate cause of the deceased's death.

Contrary to the contentions of the plaintiff in error, the petition did not show that the deceased was negligent to such an extent as would bar a recovery. It was not negligence to walk on the side of the road so as to be facing traffic. A pedestrian is not restricted as to which side of a road he is to travel on. *Claxton* v. *Hooks*, supra, p. 385; *Lorig* v. *Brunson*, supra, p. 562. As to the contention that the deceased by the exercise of ordinary care could have seen the lights of the defendant's approaching automobile and avoided being struck, a pedestrian lawfully upon the public highways need not be continually looking and listening for approaching vehicles under the penalty that if he fails to do so and is injured, it must be conclusively presumed that he was negligent. *O'Dowd* v. *Newnham*, supra, headnote (2); *Flowers* v. *Faughnan*, supra, headnote (1). Walking upon the paved portion of the highway two feet from the edge is not of itself negligence such as would prevent a recovery under the allegations of the petition.

The petition alleged a cause of action as against the defendant and the court did not err in overruling the general demurrer thereto.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*