34555. ANDERSON *v.* SOUTHERN RAILWAY COMPANY.

Decided May 13, 1953.

*George Anderson, E. J. Clower,* for plaintiff in error.

*Matthews, Maddox & Bell,* contra.

FELTON, J. It is contended by the defendant that the plaintiff was negligent in the particulars alleged in the petition, and that such negligence was the proximate cause of the collision and the plaintiff's damages. The plaintiff alleged that he was traveling at a speed of 35 to 40 miles per hour, that his vision was attracted to a stopped automobile in front of him on the road, that he kept his vision directed on such automobile, that, as he approached to within 10 or 12 feet of the rear of the stopped automobile, he turned his automobile to the left to go around such automobile, when he was confronted by the defendant's train parked 25 or 30 feet in front of him. Construing the petition most strongly against the plaintiff on demurrer, it alleges that the plaintiff was traveling at a speed of 35 to 40 miles per hour, and that without reducing his speed and without taking his vision from the stopped automobile to look ahead of him, he drove around such stopped automobile and thereupon became confronted with the defendant's train. A plaintiff is not entitled to recover if his injuries were caused by his own negligence, or if by the exercise of ordinary care he could have discovered the defendant's negligence and could have avoided the consequences thereof. Code § 105-603. While questions of negligence, comparative negligence, and proximate cause are ordinarily questions for a jury, if a petition shows on its face that the plaintiff's own negligence proximately caused his injuries, the case will be resolved in favor of the defendant on demurrer. *Central of Georgia Ry. Co.* v. *Tapley,* 145 *Ga.* 792, 793 (5, 5a) (89 S. E. 841); *Haddon* v. *Savannah Electric & Power Co.,* 36 *Ga. App.* 183 (136 S. E. 285); *Athens Ry. & Elec. Co.* v. *McKinney,* 16 *Ga. App.* 741, 746 (86 S. E. 83). This is such a case. The stopped automobile did not suddenly appear before the plaintiff. He knew of its presence and the fact that it was stopped. Under such facts the plaintiff, in passing the stopped automobile at a speed of 35 to 40 miles per hour, and without taking his vision from such automobile to ascertain or attempt to ascertain that the way ahead was clear and safe for passing, was not in the exercise of ordinary care and such negligence proximately caused his injuries. The fact that the plaintiff was

unfamiliar with the road and did not know for what reason the stopped automobile had stopped did not relieve him of the duty of using ordinary care in ascertaining or attempting to ascertain whether it was safe to pass the stopped automobile under the circumstances alleged.

As to the allegation that the defendant was negligent in "failing to discover and extricate plaintiff and his car from the dangerous and precarious position resulting from said collision before suddenly starting said train and dragging plaintiff's car, with him trapped in it, 10 or 20 feet, further injuring and damaging plaintiff and his car," the petition does not allege facts showing that the defendant knew of the situation and the plaintiff's position of peril or in the exercise of ordinary care should have known thereof.

The court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*