## 65852. RIDER et al. v. TAYLOR.

POPE, Judge.

Shortly after midnight on January 11, 1981, while a passenger in an automobile owned and operated by defendant Laura Taylor, plaintiff Lee E. Rider was injured when the automobile left the road and overturned. Rider and his wife Karen brought this action against defendant, alleging that the proximate cause of Mr. Rider's injuries was defendant's gross negligence in the operation of her automobile. Mr. Rider sought recovery for pain and suffering and loss of wages, Mrs. Rider for loss of consortium. Following discovery, the trial court granted defendant's motion for summary judgment. Plaintiffs appeal.

1. It has long been the rule in this state that "[o]ne riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence." *Epps v. Parrish,* 26 Ga. App. 399 (106 SE 297) (1921). " 'Gross negligence,' as applicable to particular facts and circumstances . . . is . . . defined as 'the want of slight care and diligence,' 'such care as careless and inattentive persons would usually exercise under the circumstances,' 'want of that diligence which even careless men are accustomed to exercise,' 'carelessness manifestly materially greater than want of common prudence,' . . . ." *Harris v. Reid,* 30 Ga. App. 187, 188 (117 SE 256) (1923); see also *Caskey v. Underwood,* 89 Ga. App. 418 (79 SE2d 558) (1953); OCGA § 51-1-4 (formerly Code Ann. § 105-203).

In his affidavit opposing summary judgment Mr. Rider set forth plaintiffs' allegation of defendant's negligence: "When the car left the roadway to the right side, Laura Taylor lost control of the car, crossed the road all the way to the left shoulder of the road, struck a ditch and overturned. . . . Oncoming headlights caused Laura Taylor to leave the roadway to the right, but her speed in excess of what was safe for the conditions of the road caused her loss of control, the wreck and my injuries." In an earlier deposition he had elaborated by testifying that as they rounded a curve in the road, all he saw was lights; the oncoming vehicle "must have been coming right at us." He also testified that the wreck was caused by the lights of the oncoming vehicle blinding defendant. No physical contact was made between the oncoming vehicle and defendant's car.

Assuming arguendo that the foregoing evidence is sufficient to show ordinary negligence by defendant, it is clearly not sufficient to show gross negligence. "It is settled law in this state that mere violation of speed laws alone does not amount to gross negligence. [Cit.] However, speed coupled with other circumstances may amount

to gross negligence." *Barnum v. Martin,* 135 Ga. App. 712, 714 (219 SE2d 341) (1975); *Rigdon v. Williams,* 132 Ga. App. 176 (1) (207 SE2d 591) (1974). Plaintiffs do not contend that defendant's negligence caused her to be blinded by the oncoming headlights; rather, they admit that she was driving satisfactorily until suddenly confronted by the oncoming headlights at which time she lost control of her car in an apparent effort to avoid a collision. Compare *Miller v. Rowland,* 86 Ga. App. 528 (71 SE2d 556) (1952). The record is devoid of any "other circumstances" which could be coupled with plaintiffs' allegation that defendant was driving too fast for conditions. See, e. g., *Parker v. Bryan,* 93 Ga. App. 88, 91 (91 SE2d 49) (1955). Thus, plaintiffs failed to make the requisite showing of gross negligence.

2. However, effective July 1, 1982 the "guest passenger" rule cited above was changed by statute: "The operator of a motor vehicle owes to passengers therein the same duty of ordinary care owed by others." OCGA § 51-1-36 (formerly Code Ann. § 105-104.1). Plaintiffs argue that this statute is simply remedial and, thus, may be applied to the case at bar. We disagree.

A statute is "remedial" which affects only the procedure and practice of the courts and, thus, may be retroactive in application. See generally *Darby v. Cook,* 201 Ga. 309 (1) (39 SE2d 665) (1946); *Pritchard v. Savannah Street &c. R. Co.,* 87 Ga. 294 (13 SE 493) (1891). The "guest passenger" rule, however, established the duty owed by an automobile owner or operator to a nonpaying guest passenger. See generally *Bickford v. Nolen,* 240 Ga. 255 (240 SE2d 24) (1977). "An act of the General Assembly which creates a new obligation and imposes a new duty in respect to transactions or considerations already past is retroactive in character, and in violation of [Art. I, Sec. I, Par. VII] of the constitution [formerly Code Ann. § 2-107], which forbids the General Assembly to pass a retroactive law." *Ross v. Lettice,* 134 Ga. 866 (68 SE 734) (1910). There is nothing in the enactment of OCGA § 51-1-36 (Code Ann. § 105-104.1) which discloses a legislative intent to apply the terms thereof retroactively. See Ga. L. 1982, pp. 1283, 1284. Nor will we imply any retroactive effect, for "[i]n a negligence case the substantive rights of the parties are fixed at the time of the injury or event on which liability depends." *F. H. Ross & Co. v. White,* 224 Ga. 324, 325 (161 SE2d 857) (1968). "Laws prescribe for the future. Unless a statute, either expressly or by necessary implication, shows that the General Assembly intended that it operate retroactively, it will be given only prospective application. [Cits.]" *Anthony v. Penn,* 212 Ga. 292, 293 (92 SE2d 14) (1956). The trial court did not err in refusing to apply OCGA § 51-1-36 (Code Ann. § 105-104.1) to the case at bar.

3. Finally, plaintiffs contend that Mr. Rider was not a guest passenger in defendant's car but an invitee to whom was owed a higher duty of care. "In determining whether one is a guest passenger or an invitee in a vehicle we consider the following guidelines. '1. A "guest" in an automobile, within the contemplation of the law that towards him the host owes only the duty of exercising slight care, is one who takes a ride in the automobile merely for his own pleasure or on his business and without making any return or conferring any benefit upon the host other than the pleasure of his company . . . 2. The status of one in or upon any part of an automobile for the purpose of conferring some benefit upon the owner and driver thereof at his request is that of an invitee, towards whom the owner and driver owes the duty of exercising ordinary care.' *Holtsinger v. Scarbrough,* 69 Ga. App. 117 (1, 2) (24 SE2d 869) [(1943)]. Accord, *Nash v. Reed,* 81 Ga. App. 473 (1, 2) (59 SE2d 259) [(1950)]." *Reese v. Reese,* 142 Ga. App. 243, 245-6 (236 SE2d 20) (1977).

Plaintiffs allege in their brief that Mr. Rider was invited to ride along with defendant on the night in question to pick up defendant's daughter. They assert that the road was dark and lonely and that the presence of an able-bodied man in the car conferred a benefit on defendant without a similar benefit flowing to Mr. Rider. These contentions, however, are not supported by the evidence of record. The evidence does not disclose whether Mr. Rider was invited to accompany the defendant or whether he asked to accompany her. In any event, what the evidence does show is that defendant was going to transport Mr. Rider to his house, apparently after she picked up her daughter. There being no evidence of record showing that Mr. Rider was invited to accompany the defendant for the purpose of conferring some substantial benefit upon *her,* the trial court properly concluded as a matter of law that defendant owed him only the duty of exercising slight care for his safety. See *McBee v. Williamson,* 96 Ga. App. 859 (1) (101 SE2d 910) (1958); *Taylor v. Austin,* 92 Ga. App. 104 (1b) (88 SE2d 190) (1955). Compare *Carter v. Neal,* 151 Ga. App. 83 (1) (258 SE2d 746) (1979).

The trial court did not err in granting summary judgment to defendant for any reason assigned.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MAY 3, 1983.

*Charles W. Smith, Jr.,* for appellants.
*Jefferson W. Willis,* for appellee.