72208. LEVINE v. KEENE et al.
(344 SE2d 684)

DEEN, Presiding Judge.

On June 5, 1981, the appellant, Marcy Levine, was a guest passenger in a tractor-trailer driven by appellee Robert Daniel Keene, who was president of the other appellee, Keene Brothers Trucking, Inc. Keene and Levine were en route from Tampa, Florida, to Gainesville, Georgia. At approximately 3:34 p.m., as Keene and Levine proceeded north on I-75, an automobile being driven southbound on I-75 by Lucille Benedict suddenly swerved across the southbound lanes and the grass median, and collided with the tractor driven by Keene. Benedict and two passengers in her automobile were killed. Levine was seriously injured when the tractor-trailer ran off the road, and Keene also was injured and remembers nothing of the collision. Levine subsequently commenced this action against the appellees, among others, to recover for her personal injuries, and this appeal follows from the trial court's grant of summary judgment for the appellees. *Held:*

Prior to the enactment of OCGA § 51-1-36 (effective November 1, 1982), which provides that an operator of a motor vehicle owes passengers a duty of ordinary care, a guest passenger had to prove gross negligence in order to recover against the host driver. *Bostwick v. Flanders*, 171 Ga. App. 93 (318 SE2d 801) (1984); *Rider v. Taylor*, 166 Ga. App. 474 (304 SE2d 557) (1983). Gross negligence is defined as the failure to exercise that degree of care that every man of common sense, however inattentive he may be, exercises under the same or similar circumstances; or lack of the diligence that even careless men are accustomed to exercise. OCGA § 51-1-4, generally; *Rider v. Taylor*, supra. Because the collision in this case occurred on June 5, 1981, the appellant had the burden of proving gross negligence.

As noted by the trial court in this case, the defendant's evidence, including the deposition and affidavit of Robert Keene and the affidavit of another motorist who witnessed the collision, showed that the sole proximate cause of any injury was the sudden swerving of the Benedict vehicle across the highway median and striking the tractor driven by Keene. To controvert this evidence, Levine offers only conjecture or assumption that Keene was grossly negligent in not acting to avoid the collision. There was no evidence (1) that Keene had operated the tractor-trailer in a negligent fashion before the collision, (2) that he contributed to the emergency situation, or (3) that Keene ac-

tually saw, or for that matter should have seen, the Benedict vehicle in enough time to react. The appellees' evidence sufficed to pierce Levine's pleading alleging gross negligence; because the appellant failed to controvert that evidence, the trial court properly granted summary judgment for the appellees.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED APRIL 7, 1986 —
REHEARING DENIED APRIL 24, 1986 — 

*Andrew M. Scherffius, Joseph D. Perrotta,* for appellant.
*Robert J. White, Steven Klitzner, Arthur Glaser, Eve A. Appelbaum, Nicholas C. Moraitakis, Robert Semler, Ben Weinberg, Jr.,* for appellees.