36413. THOMPSON *v.* ATLANTIC COAST LINE
RAILROAD COMPANY.

Decided November 9, 1956—Rehearing denied November 27, 1956.

684

*Gibson & Maddox*, for plaintiff in error.

*Bennett, Pedrick & Bennett, Larry E. Pedrick*, contra.

TOWNSEND, J. ▉ The special ground assigns error on the exclusion of the following evidence: "Q. State whether or not other employees were wearing rings at the time you were injured. A. Yes, sir." It is contended that by this ruling the plaintiff was not permitted to offer evidence to the effect that there was a universal disregard by all employees of the plant of the company

rule relating to wearing of rings, known to the employer, and of such magnitude as to constitute a waiver on the part of the employer of its enforcement of the rule amounting to an abrogation thereof. While appropriate evidence if offered would have been admissible to establish such facts (see *Seaboard Air-Line Ry.* v. *Hunt,* 10 *Ga. App.* 273, 73 S. E. 588; Shepard *v.* Payne, 60 Utah 140, 206 Pac. 1098 (9)), it does not appear from this assignment of error that the court was informed of the testimony that counsel for the plaintiff wished to elicit, or that the latter made any attempt to lay a foundation for this line of questioning. He seems, indeed, to have acquiesced in the court's ruling, for at another point in the cross-examination of one of the defendant's witnesses he queried the trial judge as follows: "Would the court like for me to waive further cross-examination about other employees wearing rings at this time?" and, on receiving an affirmative answer, again without stating the purpose of such line of questioning, he abandoned the subject. The special ground is accordingly without merit.

■ The gist of an action under the Federal Employers' Liability Act is negligence on the part of the railroad company which is in whole or in part the proximate cause of the injuries complained of. Atlantic Coast Line R. Co. *v.* Stinson, 88 So. 2d 189. Under the act the defenses of the fellow-servant rule, assumption of risk and contributory negligence are abolished. Contributory negligence, to bar recovery, must be the sole proximate cause of the injuries. 45 U. S. C. A. § 53. McGivern *v.* No. Pac. Ry. Co., 132 Fed. 2d 213; Chesapeake & Ohio Ry. Co. *v.* Thomas, 198 Fed. 2d 783. Whether or not violation of a valid and subsisting rule promulgated for the protection of employees by the plaintiff would bar his recovery therefore depends upon whether or not such violation is the primary and efficient cause of the accident and, where it merely concurs with negligence of the railroad which itself is part of the proximate cause, it goes in mitigation but not in bar of recovery. Rocco *v.* Lehigh Valley Railroad Co., 288 U. S. 275 (2) (53 Sup. Ct. 343, 77 L. ed. 743); Barton *v.* So. Ry. Co., 171 S. C. 46 (171 S. E. 5); Brock *v.* Mobile & O. R. Co., 330 Mo. 918 (51 S. W. 2d 100); Hampton *v.* Wabash R. Co., 356 Mo. 999 (204 S. W. 2d 708); 35 Am. Jur. 829, § 407.

The evidence here is undisputed that the plaintiff wore his ring in violation of a company rule, of the existence of which he had heard, but which he thought had been abrogated because it was for some unexplained reason, probably accidental, removed from the company bulletin board. It is undisputed that at the time he jumped from the boxcar there was an emergency created by a fire, not serious in nature, but which needed immediate attention. The plaintiff's direct testimony that there was no ladder available is disputed only by the circumstance that a short while later a ladder was found in the other end of the boxcar. It is further undisputed that there was a nail projecting from the scaffolding, that it should not have been there, and that its existence there was due to the negligence of fellow servants of the plaintiff. The plaintiff testified positively that the nail caught in his hand and ripped the hand and finger up to the point where it caught in his wedding ring, and then hung in the ring and tore off the finger.

Whether the plaintiff's violation of the safety rule was the primary and efficient cause of the loss of his finger or whether it concurred with other negligence on the part of the defendant's employees in causing such loss, is a jury question. However, the evidence demands a finding that the plaintiff was injured to some extent by the nail before the nail ever hung upon the wedding band, and that this part of the injury at least was caused by negligence attributable to the defendant, that is, negligence of a fellow servant. Therefore, the evidence demanded a finding for the plaintiff for some amount, to be ascertained by the jury trying the case. This being so, the general verdict for the defendant is without evidence to support it.

The trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*