19604.   ATLANTIC COAST LINE RAILROAD CO. *v.*
THOMPSON.

ARGUED FEBRUARY 11, 1957—DECIDED MARCH 11, 1957.

*Larry E. Pedrick, Bennett, Pedrick & Bennett,* for plaintiff in
error.

ALMAND, Justice.   W. L. Thompson, an employee of Atlantic
Coast Line Railroad Company, filed a suit against his employer
to recover damages for personal injuries sustained by reason of
the alleged negligence of his employer in failing to furnish him a

safe place in which to work, as required under the Federal Employers' Liability Act (45 U. S. C. A. § 51 et seq.). The specific charge of negligence was that it was necessary for the plaintiff, in making his entrance to and exit from the freight car in which he was working, to use a scaffold "located on the outside of said box car for this purpose and that the defendant was grossly negligent in allowing said scaffold to become in such bad repair that a nail protruded up from the planks located on said scaffold and that the defendant was grossly negligent in allowing a nail to be driven in said scaffold in such a manner as to allow it to protrude from said scaffold and if they had used proper diligence said nail would have been discovered and removed after it had been negligently placed on said scaffold." In its answer, the employer denied that it was negligent, averred that the sole and proximate cause of the employee's injury was his own negligence, and that no negligence on the part of the employer contributed, "in whole or in part," to his injury. On the trial of the case, the jury returned a verdict for the employer. The Court of Appeals, in reviewing the order of the trial court denying the employee's motion for new trial, reversed this order. *Thompson* v. *Atlantic Coast Line R. Co.*, 94 *Ga. App.* 683 (96 S. E. 2d 206). This court granted the employer's petition for writ of certiorari.

The Court of Appeals held that, where a finding is demanded "that the defendant was negligent, and that a part of the injury received by the plaintiff would have been inflicted upon him whether or not he was guilty of an infraction of the company rules, a finding in the plaintiff's favor for some amount is demanded by the evidence, and a general verdict for the defendant must be set aside."

Under the Federal Employers' Liability Act, supra, the employer is not held to an absolute responsibility for the reasonably safe condition of the place and appliances surrounding the employee's work, but only to the duty of exercising reasonable care to that end, the degree of care required being commensurate with the danger to be reasonably anticipated. Baltimore & O. S. W. R. Co. *v.* Carroll, 280 U. S. 491, 496 (50 Sup. Ct. 182, 74 L. ed. 566). The test is not whether the appliances to be used and the place in which the work is to be performed are absolutely

safe, nor whether the employer knew them to be unsafe, but whether or not the employer has exercised reasonable care and diligence to make them safe. Missouri Pacific Railroad Co. *v.* Aeby, 275 U. S. 426 (48 Sup. Ct. 177, 72 L. ed. 351). The issue as to whether the employer was negligent is one for the jury to determine according to their finding of whether the employer's conduct measures up to what a reasonable and prudent person would have done under the same circumstances. Wilkerson *v.* McCarthy, 336 U. S. 53, 61 (69 Sup. Ct. 413, 93 L. ed. 497). See also Morris *v.* Pennsylvania Ry. Co., 187 Fed. 2d 837. "Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." Tennant *v.* Peoria & P. U. Ry. Co., 321 U. S. 29, 35 (64 Sup. Ct. 409, 88 L. ed. 520). On this issue of whether the employer was negligent in allowing a nail to protrude from the planks located on the scaffold, there was evidence that the employer made periodic inspections of the scaffold to detect and remove nails, and the jury was authorized to find, and apparently did find, that the employer had used reasonable care and diligence in providing this employee a reasonably suitable, safe place and appliance for his work.

This factual issue being for the jury, and they having resolved it in favor of the employer, the ruling of the Court of Appeals was error and its judgment is

*Reversed. All the Justices concur, except Wyatt, P. J., who dissents.*