## 46473. GENINS v. SHOEMAKER.

PANNELL, Judge. This case is on appeal to this court from a verdict and judgment in favor of the defendant in an action by the plaintiff appellant seeking to recover alleged damages arising from an automobile collision between cars driven by the appellant and appellee respectively. Appellant enumerates error separately on the court's failure to charge his request to charge numbers 2, 3, 4, 5 and 6 and also enumerates error on the trial judge's "refusing to advise the plaintiff before argument which of the plaintiff's requests to charge" the court would give and on the failure of the court to excuse the jury from the courtroom while the court was so stating its intentions. *Held:*

1. When requested by the court as to whether he had any objections he would like to note to the charge, the appellant replied: "Your Honor, at this time I would like [to] express my pleasure in trying the case before you and appreciated the charge very much. I would for the record have a couple of exceptions, being that none of the six requests to charge which were requested were given in the exact language by the court. Perhaps some of them may have been covered but I feel most important that charges four and five be given to the jury and I except at this time to their not being given as well as the others." It is no longer reversible error merely because a charge is not given in the exact language requested, where the charge substantially covered the same principle. *Hardwick v. Price,* 114 Ga. App. 817, 821 (152 SE2d 905). No ground of objection having been otherwise stated, no reversible error is shown. See in this connection *U. S. Security Warehouse v. Tasty Sandwich* Co., 115 Ga. App. 764 (156 SE2d 392); *Royal Frozen Foods Co. v. Garrett,* 119 Ga. App. 424, 427 (167 SE2d 400); *Kypta v. Walters,* 121 Ga. App. 448 (174 SE2d 193).

2. Appellant requested the court for "one moment outside of the hearing of the jury with respect to the charges." The court replied: "Well, I have got my own charges I give in these cases. I don't like to keep the jury waiting." Appellant then stated: "Just for the record, I would like to know what the judge will charge." And the court replied: "I will give in general the

charges relating to automobile accident cases and the damages." In our opinion, this sufficiently informed the appellant that his requests to charge would not be given and was in compliance with Section 17 (b) of the Appellate Practice Act as amended. Ga. L. 1965, pp. 18, 31 *(Code Ann.* § 70-207 (b)). We find no harmful error in the failure to excuse the jury while this statement was made.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*
Submitted September 8, 1971—Decided September 21, 1971.

*Aynes, Feldman & Genins, R. John Genins,* for appellant.
*Powell, Goldstein, Frazer & Murphy, C. B. Rogers,* for appellee.