## 48048. TITTLE v. McCOMBS.

HALL, Presiding Judge. The plaintiff in a wrongful death action appeals from the judgment and from the denial of her motion for a new trial. Plaintiff's seventeen-year-old son was killed in a collision with an automobile while riding a motorcycle. The collision occurred at an intersection of a four lane street. Plaintiff's son was in the curb lane proceeding through the intersection and the defendant, who was approaching from the opposite direction, was making a left-hand turn.

1. While the evidence was in conflict, the verdict was authorized.

2. Plaintiff contends the court erred by not allowing a witness to answer a question concerning traffic conditions at the point of the collision at other times. She contends this would tend to show that the deceased was proceeding at a lawful rate of speed. This logic is insupportable. The witness, who was immediately behind the deceased, had already testified about traffic flow and conditions during the relevant period; had testified that he and the deceased had been traveling at the same rate of speed; and had given his opinion on that rate of speed in miles per hour. The rejected questioning bears no relation to the point plaintiff contends it was meant to illustrate.

3. Plaintiff contends the court erred in allowing, on cross examination of plaintiff's husband, questioning on the traffic accident history of the deceased son. While if this question stood alone, it would be highly prejudicial, it came in obliquely during a series of questions eliciting the information that the son had been hospitalized twice within the preceding six weeks. The defendant contends the questioning was legitimate rebuttal to plaintiff's pleadings and proof of the son's good health and physical condition. The issue here is very close, as it involves the old device of bringing in prohibited evidence through the back door. However, plaintiff's objection was too broad, i.e., that both prior accidents *and* hospitalizations were "immaterial and irrelevant." As hospitalizations were relevant, the plaintiff should have made his objection only to the accident; should have

stated as grounds the highly prejudicial effect; and have asked the court to admonish the jury to disregard the reference to an accident. The objection was therefore too faulty to predicate error upon. *Horton v. Ammons,* 125 Ga. App. 69 (5) (186 SE2d 469).

4. Another enumeration of error concerns a question rejected by the court which asked for the opinion of an eyewitness whether the speed of the motorcycle was "excessive for the time, place and conditions." As this witness had already testified concerning the conditions, and had given his opinion of the speed of the motorcycle, any opinion on "excessiveness" would be a conclusion intimately related to the ultimate question of negligence and therefore an invasion of the province of the jury.

5. It was also not error to refuse to allow a witness to testify concerning his understanding of the speed limit at the intersection in light of the posted limit for the road itself. As Code Ann. § 68-1626 (c) governs speed at intersections, a contrary "understanding" by someone would be totally immaterial.

6. Plaintiff enumerates as error the admission of, and the charge upon, certified copies of certain city ordinances when the certification did not recite they were still of full force and effect. This is not required. *Cambron v. Cogburn,* 118 Ga. App. 454 (164 SE2d 350).

7. Plaintiff contends the charge on emergency was error because the defendant caused the emergency and may not use it to excuse his conduct. As the evidence would authorize a finding that an emergency could also have been caused by plaintiff's son, and as the charge applied equally to both parties, the charge was not error. For similar reasons, neither was the charge on Code Ann. § 68-1626.

8. Plaintiff contends the charge on former Code Ann. § 68-1813 (b), which was in force at the time of the collision, was error. That section prohibited the operation of a motorcycle with handlebars more than 15 inches above the seat level. The court charged this section, along with many others, under the principle of negligence per se. Plaintiffs contend that with no showing of a causal connection between the violation of a penal statute and the occurrence, it is improper to charge it as negligence per se. This, of course, is abstractly true, as far as it goes. Here, however, the court clearly charged that should the jury find violation, and therefore that negligence per se existed, it must go further and determine whether it was the proximate cause of any injury or

damage.

9. All other enumerations of error concern charges, or failure to give requested charges, on the methods of ascertaining damages. As the jury found for the defendant, any error, if one existed, was harmless.

*Judgment affirmed. Evans and Clark, JJ., concur.*

ARGUED APRIL 4, 1973 — DECIDED MAY 9, 1973 — REHEARING DENIED MAY 29, 1973.

*Grady C. Pittard, Jr.,* for appellant.
*Erwin, Epting, Gibson & Chilivis, Eugene A. Epting,* for appellee.