## 49456. KAMOR v. FIREMAN'S FUND INSURANCE COMPANY.

CLARK, Judge.

Two unusual features mark the instant case. One is factual; the other is procedural. The first is the uniqueness of a jury returning a verdict for an insurance company in a suit on a burglary policy by an insured mercantile partnership of husband and wife. This verdict was based on either a conclusion that insured failed to meet technical requirements under the policy's provisions or that plaintiffs failed to establish the amount of their loss. The procedural feature was entry of a judgment awarding plaintiffs the amount admittedly owed by the insurer after a verdict was returned declaring nothing to be due them.

How did these exceptional events occur? It is well stated in layman's lingo by the explanatory charge made by the sagacious trial judge immediately after quoting the legal linguistics of the pleadings. His informative instruction to the jury was: "If I may restate it in simple language, the plaintiffs say they bought a policy of insurance that covered the building and contents at their store on Spring Street in Atlanta, Georgia. That it was in force and effect on the 23rd day of April, 1971, and that night somebody broke into the place and damaged the building and stole some contents, and they have asked the insurance company to pay for the damage to the building and pay for the contents that were stolen and the insurance company has refused to do it. The insurance company says we deny it. They say we admit the policy and we admit it was in force and we admit they had some sort of break-in out there, and we admit some damage was done to the building, but we don't know what was lost, and the plaintiffs have not shown us what was lost, and haven't shown us they have complied with the terms of the policy, and therefore, we pray to be discharged from this suit." (T. 145).

At the conclusion of the entire charge and prior to the jury undertaking its deliberations, plaintiffs' attorney expressed his objections to those instructions authorizing a defendant's verdict since there was no contest as to the amount of the damage to the building.

In the ensuing dialogue between court and counsel during which the judge commented that "I don't want to bring them back and confuse them" (T. 152), a stipulation was made as to specific amounts acknowledged by insurer as being owed. After the jury returned its verdict for the defendant insurer the trial court entered its judgment reciting that "It was stipulated and agreed before the case went to the jury and out of the presence of the jury, that defendant made no contest over the claim for repairs to the building and to the damaged clothing found on the outside of the building. These items are $700 and $332 respectively." (R. 204). Accordingly, judgment was entered for the insured in the amount of $1,032.

Following the denial of a new trial motion this appeal was taken.

1. Appellants contend the trial court erred in entering judgment for the stipulated amount because that judgment was repugnant to the jury's verdict and thus contrary to Code § 110-301 which provides that "Judgment and execution shall conform to the verdict." They stress this language from *Manget-Brannon Co. v. White Crown Fruit Jar Co.*, 20 Ga. App. 339 (93 SE 307): "While the presumptions are in favor of the validity of verdicts, and they are to have a reasonable intendment, so as not to be avoided save from necessity, and while in any case the test of certainty is whether the verdict can be made certain by what it contains or by the record, still the judgment entered thereon must follow the true meaning and intent of the finding; and where the judgment fails to do this, and it is not possible to frame a judgment in accordance both with the true intent of the verdict and with the issues made by the pleadings, the verdict must be set aside and a new trial ordered." Neither the Code section nor the case is apposite here in view of the stipulation upon which the trial court relied as is stated in the judgment. See *Grayson v. Grayson*, 217 Ga. 133, 135 (121 SE2d 34) and *McDonald v. Hester*, 115 Ga. App. 740 (155 SE2d 720).

Even in the absence of any stipulation the trial judge acted within his authority. He had the power to direct the jury at the time that it returned its verdict to cause it to retire and put their verdict in proper form. *Lowery v.*

*Morton,* 200 Ga. 227, 229 (36 SE2d 661), and numerous cases there cited. This authority is based upon the fact that "A judge has supervision of the whole case, and is not merely a figurehead to sit by and see injustice done or to allow the reception of an ambiguous and indefinite verdict which is likely to give rise to more litigation or to result in another long and weary trial." *Jordan v. Downs,* 118 Ga. 544, 546 (45 SE 439).

As was said in *Heard v. Heard,* 99 Ga. App. 864, 869 (110 SE2d 76), "the trial judge is more than a mere chairman preserving order at a meeting or a mere moderator of a debate, but he is a minister of justice with a duty to govern the progress of a trial. . ." Here the trial judge was aware that the issue as presented to the jury by both litigants dealt with the claim for merchandise allegedly removed from the interior of the establishment and that there was no contest in reference to the damage done to the building or the value of the damaged merchandise found outside the building. His action in rendering a judgment for the amount acknowledged as being owed and thereby avoiding the expense of a new trial was in conformance with the views expressed by our court in *Georgia Power Co. v. Hendricks,* 130 Ga. App. 733, 734 (204 SE2d 465): "Obviously, it would have been appropriate for the judge to have had the jury returned to the courtroom and corrected the error. Since he did not, it becomes this court's responsibility to weigh the mistake and determine if it was of sufficient magnitude to require a new trial. On balance, we feel that it does not . . . The record here indicates that the case was thoroughly tried. All parties had the assistance of excellent counsel. We are unable to see how the ends of justice would be served by requiring a new trial on these grounds. The law favors an end to litigation." These views fit the instant case like the proverbial glove. Accordingly, we hold the first enumeration to be without merit.

2. The second enumeration of error avers the verdict to have been contrary to the evidence, without evidence to support it, and contrary to law and the principles of justice and equity. Although the testimony developed by plaintiffs' capable counsel through cross examination of the employees of the defendant insurance

company disclosed insurer's acknowledgment of liability for damage to the wall and for the damaged clothing found by the police outside the premises, these damages were handled properly by the trial judge's entry of judgment for such amounts. It thereupon devolved upon us to examine the trial transcript to determine if the evidence as to all other claims warrants grant of a new trial. If we did otherwise then we would be guilty of that which we condemned in *Lowe v. Payne,* 130 Ga. App. 337 (203 SE2d 309) where we commented that "Letter-of-the-law pecksniffery is a juridical sin."

Our study of the transcript leads us to conclude we cannot reverse the verdict on general grounds. It is the duty of the appellate court to construe the evidence most strongly in support of the verdict and against appellant. *Associated Mutuals v. Pope Lumber Co.,* 200 Ga. 487, 496 (37 SE2d 393). "Where the verdict can be supported under any view or theory of the evidence, it will not be set aside as being contrary thereto." *Sikes v. Bradley,* 20 Ga. App. 470 (1) (93 SE 111). " 'Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.' " *Atlantic C. L. R. Co. v. Thompson,* 213 Ga. 70, 72 (97 SE2d 135).

Our ruling on this assignment of error is fortified by recognition that the insured's case rested principally upon the evidence presented by the husband as to what merchandise plaintiffs contended was stolen and the value thereof. The defendant sought during cross examination to impeach him by showing that he had made statements out of court at variance with his testimony on the witness stand. "[W]hen an attempt is made to impeach a witness by this method, whether such attempt, as in all other attempts to impeach a witness, is successful, is for the jury. If the jury believe from the evidence that any witness in the case has made statements at any other time or place at variance with his testimony in the case, they have the right to take such facts into consideration in determining the weight to be given the testimony of such witness; and though not required to do so, they could, or might reject the

testimony of the witness entirely. [Cit.]" *Ricks v. State,* 70 Ga. App. 395, 399 (3) (28 SE2d 303); *Mustang Transp. v. W. W. Lowe & Sons,* 123 Ga. App. 350 (3) (181 SE2d 85). In the case at bar, the plaintiff husband's testimony as to the value of his firm's inventory was at immense variance with what the plaintiffs had reported previously for purposes of income and ad valorem taxation. It cannot be said as a matter of law that this evidence did not impeach the plaintiff, and the jury was entitled, therefore, to disregard his presentation altogether. Since the jury may have disbelieved the husband's requisite testimony in its entirety, we cannot disturb the jury's verdict on the ground that the evidence fails to support it. See *Hayes v. Hay,* 92 Ga. App. 88 (88 SE2d 306).

3. The third enumeration of error is covered by the first and second divisions of our opinion. Error, if any, as to plaintiffs' objections was rendered harmless by the entry of judgment for the amounts admittedly owed.

4. Plaintiffs' fourth enumeration of error is devoid of merit.

5. The four remaining enumerations of error assert the trial court to have erred in refusing to charge jury pursuant to plaintiffs' requests. In support of their assertion plaintiffs point out that the verbiage embodied in two of the requests was taken from language employed in opinions of this court. The mere fact that a requested charge was taken from an opinion of our appellate courts does not render its use appropriate in charging the jury. *Jackson v. State,* 225 Ga. 553, 561 (170 SE2d 281); *Bailey v. Todd,* 126 Ga. App. 731, 736 (191 SE2d 547). Moreover, we think the trial court charged the jury fully and substantially on the issues raised by the evidence and presented by the requests to charge. The failure to give a requested charge is not harmful where the general charge substantially covers the principles raised. *Genins v. Shoemaker,* 124 Ga. App. 463 (1) (184 SE2d 201).

6. This case was fully and fairly tried before a jury. The charge was likewise full and fair. In any event it measured up to the standard of *Allen & Co. v. Boyd & McDavid,* 1 Ga. App. 348 (2) (57 SE 939) where this court stated: "The charge was full to overflowing. Both parties got all they were entitled to, and divided the overflow

equally. If there were errors in the charge, they were mild. The plaintiff lost, not because of the charge, but because he failed to impress the jury with the justness of his cause."

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED JULY 1, 1974 — DECIDED NOVEMBER 7, 1974.

*Heyman & Sizemore, W. Dan Greer,* for appellants.
*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Marion Smith, II,* for appellee.