## 50982. EVANS et al. v. BATCHELOR.

STOLZ, Judge.

In this action by a husband and wife for damages for the wife's personal injuries resulting from being struck by the defendant's automobile as she was walking across a highway at night, the plaintiffs appeal from the judgment for the defendant.

1. The trial judge did not err in excluding from evidence the plaintiffs' offer of proof of the plaintiff wife's testimony that the defendant stated to her, several days after the subject occurrence, "I am sorry this happened. I have insurance. I don't want you to worry about it. It will take care of everything. I didn't see you." This proposed testimony consists of four elements: (1) an expression of regret, sorrow and/or sympathy, (2) an indication that insurance coverage exists, (3) a mere *conclusion* that the insurance will cover the plaintiffs' losses, and (4) a statement that the defendant did not see the plaintiff wife. In *Layton v. Knight,* 129 Ga. App. 113 (3) (198 SE2d 915), this court held that "the alleged mention of insurance was not coupled with any admission of fault and would, therefore, be inadmissible in any event." The testimony there excluded was to the effect that the plaintiff had talked to the defendant after the collision and told her that he saw her car swerve as it came over the hill, but he couldn't stop in time to avoid hitting her, and not to worry about the collision, since his insurance would cover it. The four elements of the proposed testimony in the instant case do not, either singly or collectively, constitute an admission of fault which would be admissible, which distinguishes this case from those cited by the appellants. The acknowledgment that the defendant did not see the plaintiff wife, does not necessarily admit any negligence on the part of the defendant, especially under the evidence of the

circumstances of the occurrence, i.e., the plaintiff at night, wearing a blue coat, crossing an unlighted highway at a point just beyond the crest of a hill. Furthermore, this same evidence — that the defendant didn't see the plaintiff until she was directly in front of him — was adduced several times by the defendant's testimony.

2. " 'It is not error to allow witnesses to testify to their opinions of the speed of an automobile, whether they be expert or lay witnesses, where they have properly stated the facts upon which their opinions are based.' " *Eastern Dehydrating Co. v. Brown,* 112 Ga. App. 349 (4) (145 SE2d 274) and cit. The trial judge properly allowed the testimony of a motorist who had been driving 50 m.p.h., that the defendant passed him a short time before the point of impact at a speed which was somewhere between 50 and 60 m.p.h., but "wasn't excessive." Although opinions on excessiveness of speed may be conclusions "intimately related to the ultimate question of negligence and therefore an invasion of the province of the jury" (*Tittle v. McCombs,* 129 Ga. App. 148, 149 (4) (199 SE2d 363)), the witness here gave the facts upon which he based his opinion (i.e., the estimated speed of the defendant's car, based upon its relationship to his own, plus his observation of existing conditions). Furthermore, his characterization of the defendant's speed as not excessive related to the time at which he was passed by the defendant, not at the time of impact, which was for the jury to determine. Moreover, the testimony was not necessarily beneficial to the defendant, inasmuch as it indicated that he may have been driving at a speed of up to 10 m.p.h. greater than the 50 m.p.h. maximum limit in effect at the time of day (7 p.m.) and date (February 5, 1971) of the incident under the provisions of Code Ann. § 68-1626 (b) (2) (Ga. L. 1953, Nov. Sess., pp. 556, 577; as amended).

3. Enumerated errors 3 through 7 pertain to the failure to give requested charges which were all statements of law which were either incorrect, inapplicable or covered sufficiently elsewhere in the charge, hence were properly not given.

4. The amended motion for new trial was properly overruled.

*Judgment affirmed. Bell, C. J., Deen, P. J., Clark, Webb and Marshall, JJ., concur. Pannell, P. J., Quillian and Evans, JJ., dissent.*

ARGUED SEPTEMBER 8, 1975 — DECIDED JANUARY 22, 1976 — REHEARING DENIED FEBRUARY 17, 1976 —

*Hudson & Montgomery, David R. Montgomery,* for appellants.

*Ross & Finch, I. J. Parkerson, A. Russell Blank, Sorrells, Hearn & Childers, George J. Hearn, III,* for appellee.

EVANS, Judge, dissenting.

1. Enumeration of error No. 1 shows reversible error by the trial court. He excluded from evidence testimony by plaintiff that defendant stated to her after the collision: "I am sorry this happened. I have insurance. I don't want you to worry about it. It will take care of everything. I didn't see you." (T. 4). This testimony was not offered as a part of the res gestae but as *an admission by the defendant against interest.* The statement was made one or two days after the injuries had occurred.

An admission against interest is admissible and need not be a part of the res gestae. The jury was certainly entitled to know that defendant admitted he did not even see plaintiff, and to determine whether any proper explanation of his failure was made, especially in view of the law which requires the driver of an automobile at all times to maintain a vigilant lookout ahead for others lawfully on the highway. See *Williams v. Vinson,* 104 Ga. App. 886, 889 (123 SE2d 281); *Leggett v. Brewton,* 104 Ga. App. 580 (3) (122 SE2d 469). As to the admissibility of admissions against interest, see Code § 38-403. Defendant told plaintiff not to worry because his insurance would take care of everything. But his insurance company would not take care of everything or anything *unless defendant was at fault.* What, then, was this but an admission against interest? See *Wade v. Drinkard,* 76 Ga. App. 159 (5) (a) (45 SE 231), where the admission against interest was not admitted simply as part of res gestae, but as "an

admission against interest."

2. The trial judge committed reversible error in allowing a lay witness, one Howard Smith, to invade the province of the jury by testifying that the speed of defendant's car "was not excessive." He did not know how fast the car was going, it could have been 50, 55, or 60, but "it was not excessive." He so testified several times over objection of plaintiff. (T. 90-94.) This is clearly erroneous. It is the function of the witness, if he can, to tell how fast the car was going, and it is the sole and exclusive function of the jury to determine whether that particular speed was "excessive." The witness could just as well have testified which one was negligent and which one was not, and actually that is what the witness did, when he was allowed to testify that the speed "was not excessive." What was left for the jury to determine after such inadmissible evidence was permitted to be introduced? This type of testimony is plainly condemned in *Tittle v. McCombs,* 129 Ga. App. 148, 149 (4, 5) (199 SE2d 363), and it is shown that same invaded the province of and answered questions that only the jury was allowed to resolve and answer. Also, see *Alabama Great Southern R. Co. v. Brown,* 140 Ga. 792 (3), 797 (79 SE 1113); *Holloway v. Mayor &c. of Milledgeville,* 35 Ga. App. 87, 88 (9) (132 SE 106).

3. The trial court erred in refusing to give in charge to the jury plaintiff's written request which was in effect that the law of the road does not restrict a pedestrian to any particular part of a highway or street; he may cross at any place he desires if he uses due care; and the operator of automobiles must anticipate the possibility that pedestrians may cross the highway at any point. This was a correct statement of the law and it was error to refuse to charge it: *Claxton v. Hooks,* 68 Ga. App. 383, 385 (23 SE2d 101); *Lorig v. Brunson,* 84 Ga. App. 558 (66 SE2d 268); *Whiteway Laundry v. Childs,* 126 Ga. App. 617, 620 (10) (191 SE2d 454). This was not covered in substance elsewhere in the charge, although the court charged that both pedestrian and the driver of an automobile have the right to *use the highway* (T. 139, 140).

4. The trial court committed reversible error in failing to give in charge to the jury a written request by

plaintiff to the effect that the driver of a car must use reasonable care to anticipate the presence on the streets of other persons having equal rights with himself to be there; and that a pedestrian, while lawfully using the highway, is not bound to be continually looking and listening to ascertain if auto cars are approaching, under penalty, if she fails, that the pedestrian is presumed negligent. The first part of the request was given but the latter part was omitted and was not covered in the general charge. This request was in accordance with the law of this state: *Christian v. Smith,* 78 Ga. App. 603, 607 (5) (51 SE2d 857); *Huckabee v. Grace,* 48 Ga. App. 621, 622 (11) (12) (173 SE 744). Also see *Lorig* and *Claxton,* supra.

5. The trial court committed reversible error in failing to charge a written request, the important part of which contained this language: ". . . ordinary diligence requires that the driver of an automobile be constantly on the lookout and that he have his machine in such condition as that it shall be under his perfect control." It will be remembered that in enumeration of error No. 1, it is shown that the driver admitted to plaintiff (which evidence was improperly rejected and excluded) that the driver did not even see plaintiff. *O'Dowd v. Newnham,* 13 Ga. App. 220 (80 SE 36); *Sapp v. Shumate,* 81 Ga. App. 432 (59 SE2d 8). In determining whether a driver is exercising ordinary diligence, the jury may consider his inattention. *Huckabee v. Grace,* 48 Ga. App. 622 (11), supra; *Cagle v. Atchley,* 127 Ga. App. 668 (6), 675 (194 SE2d 598).

Because of each of these enumerations, this case should be reversed and a new trial granted to plaintiff.

I am authorized to state that Presiding Judge Pannell and Judge Quillian concur in Divisions 1 and 2 of the dissent and therefore concur in the dissent.