## 70448. SHIRLEY et al. v. OGLESBY.
### (336 SE2d 820)

Pope, Judge.

Appellants Henry A. Shirley and Deborah B. Shirley sued appellee Amogene Turman Oglesby for damages to person and property arising from an automobile collision. After trial, the jury returned a verdict for appellee Oglesby.

1. Appellants assert that the court erred in denying their request for a mistrial because counsel for appellee injected the issue of insurance into the case. Counsel for appellee was questioning Mr. Shirley in an effort to impeach him in regard to the amount of property damage to his vehicle. Counsel asked Shirley if he previously had sworn under oath that the total loss and damage to his car was $542.93. Shirley said yes, and admitted that he had the car fixed for $175. Counsel then asked, "[W]hat it amounts to, you made that oath to collect money, didn't you?" Shirley answered that he did not collect it. Counsel then asked, "Well, you got it, didn't you?" and Shirley said yes.

Counsel for Shirley argues that this left the jury to draw the inescapable conclusion that Shirley collected insurance money, and thus warrants a mistrial. We do not agree. " ' "A party to a lawsuit has the right to bring forth all relevant, material and competent facts. Although such . . . facts include the suggestion that one party carries insurance, the rule is not changed. Error arises only when a party intentionally brings before the jury on an immaterial or irrelevant matter the fact that the opposite party carries insurance." ' [Cit.]" *U-Haul Co. of Western Ga. v. Ford*, 171 Ga. App. 744, 745 (320 SE2d 868) (1984). The purpose of the questioning was to impeach Mr. Shirley. No direct mention of insurance was made or elicited from the witness. The court did not err in denying the motion for mistrial. Nor is there merit to the argument that this testimony violated the collateral source rule.

2. Appellants' second enumeration of error is that the trial court erred in not allowing appellant Deborah Shirley to relate fully a con-

versation she had with appellee Oglesby immediately after the accident. The relevant portion of the conversation was Oglesby telling Mrs. Shirley that a blue truck blocked her view as she sat in the driveway, and that she just pulled on out. After Mrs. Shirley talked about the damage to her car, Oglesby is alleged to have said, "Don't worry about it, honey, it can be fixed . . . That's what I pay my insurance for in case I hit anybody." (Oglesby denied the conversation took place.) The Court allowed Mrs. Shirley to relate the conversation, but directed that she delete any reference to insurance. Thus, she was not allowed to tell the jury about the statement "that's why I pay insurance. . . ." We find no error. The excluded statement was not an admission. It is similar to a statement made in the case of *Evans v. Batchelor*, 137 Ga. App. 629 (1) (224 SE2d 752) (1976). The statement in issue in that case was " 'I am sorry this happened. I have insurance. I don't want you to worry about it. It will take care of everything.' " The court in *Evans* characterized the testimony as expressing regret, indicating the existence of insurance coverage, and the mere conclusion that the insurance would cover the loss. The statement in the present case is of like character. It is merely a statement of reassurance and an indication of insurance coverage.

3. Appellants argue that the verdict was contrary to the evidence and the law. " 'It is not the responsibility of this court to weigh the evidence in regard to the action brought. Our task is merely to determine if there is sufficient evidence to authorize the trial court's judgment. If there is any evidence to support the jury's verdict and the trial court's judgment, then all conflicts in the evidence will be resolved to favor the verdict.' " *Ellis v. Cameron & Barkley Co.*, 171 Ga. App. 211, 213 (319 SE2d 38) (1984). We find sufficient evidence in the record to support the verdict and judgment.

4. We have examined appellants' remaining enumerations of error and find no merit in them.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 16, 1985 —
REHEARING DENIED OCTOBER 30, 1985 — 

*Truett Smith*, for appellants.
*Jack M. Carey*, for appellee.