A04A1869. IN THE INTEREST OF J. E. T. et al., children.
(604 SE2d 623)

BLACKBURN, Presiding Judge.

In this case in which appellant sought to have her minor children, J. E. T. and A. R. T., adjudicated deprived and removed from the custody of her former husband and the children's father, appellant, acting pro se, appeals, arguing that the juvenile court erred in (1) dismissing her petition for adjudication of deprivation, and (2) denying her motion to recuse and disqualify all sitting Cobb County Juvenile Court judges. For the reasons set forth below, we affirm.

The record shows that, on August 10, 2000, the marriage of appellant and her husband was dissolved by a final judgment and decree of divorce in the Superior Court of Cobb County. Sole legal and physical custody of the children was granted to the father, and appellant was granted visitation rights. Less than a month after entry of the final judgment and decree of divorce, appellant secretly took the children to Mississippi. When appellant refused to return the children to the father's custody, he filed an emergency application for contempt citation and writ of habeas corpus. The superior court entered an order on September 8, 2000, granting the emergency application and writ, declaring appellant in wilful contempt, and ordering her to produce the children to their father. A felony warrant for interference with child custody was issued for the arrest of appellant, and on September 15, 2000, she was arrested by agents of the Federal Bureau of Investigation. On September 20, 2000, pursuant to a request for an emergency hearing by the children's guardian ad litem, the superior court entered an order granting the father custody of the children until further order of the court, and ordering that appellant and her family members have no contact with the children.

On October 11, 2000, the father filed an application for contempt and petition for modification of visitation, requesting that appellant's visitation privileges be suspended. This application for contempt and petition for modification of visitation remains pending before the superior court.

On April 4, 2001, appellant filed an application for contempt requesting visitation with her children. This matter, too, is currently pending before the superior court. On the same day, appellant also filed an extraordinary motion and brief for new trial and/or motion and brief to set aside, emergency petition for change of custody, or in the alternative, petition for change and/or modification of visitation, requesting, among other things, that custody of the children be transferred from the father to her.

In May 2002, the superior court entered an order denying appellant's extraordinary motion for new trial and motion to set aside. The emergency petition for change of custody or, in the alternative, petition for change and/or modification of visitation, on which appellant has not requested a hearing, is still pending before the superior court.

Appellant, along with 29 of her friends and relatives, filed a petition for adjudication of deprivation in the Juvenile Court of Cobb County on January 9, 2004. The petition requests that the juvenile court "adjudicate the children . . . deprived children, and award sole legal and physical custody to [appellant]." On January 14, 2004, appellant, joined by a host of other petitioners, filed a motion in the juvenile court to recuse and disqualify all sitting Cobb County Juvenile Court judges.

On February 4, 2004, an evidentiary hearing was held on appellant's motion to recuse Judge James Bodiford of the Cobb County Superior Court. On February 13, 2004, the superior court issued an order dismissing the motion to recuse. In that order, after emphasizing that "[t]he law clearly gives subject matter jurisdiction to the Superior Court to decide custody of minor children between the parents in a divorce action," the court went on to say:

> Defendant continues to attempt to relitigate the divorce action by inappropriate means. What she needs to do is to prove in the pending Change of Custody Case that it is in the best interest of these children to grant her custody and that she is the proper person to have custody. The divorce was over basically in 1998. The Change of Custody case is already four years old. She needs to cease filing spurious lawsuits and motions. If she wants to change the law she needs to direct her efforts to the state legislature, not the

courts. Needless filing of articles, essays and personal opinions indicate her actions are rapidly approaching, if not already there, frivolous, groundless, and abusive litigation.

On February 27, 2004, the father moved to dismiss appellant's petition for adjudication of deprivation. On March 17, 2004, the superior court entered two orders: the first order denies appellant's motion to recuse and disqualify all sitting Cobb County Juvenile Court judges; the second dismisses the petition for adjudication of deprivation.

1. Appellant contends that the juvenile court judge erred in dismissing her petition for adjudication of deprivation. There is no merit in this argument.

In dismissing the petition for adjudication of deprivation, the juvenile court found, among other things, that litigation involving custody of the children is presently pending in the Superior Court of Cobb County, that the Superior Court of Cobb County still has jurisdiction over the custody of the children, that the petition for adjudication of deprivation filed by appellant and others is a disguised custody matter between appellant and the father, and that the juvenile court does not have jurisdiction over custody disputes between parents. We agree.

Our Supreme Court has held "that juvenile courts should not entertain deprivation proceedings brought by a non-custodial parent to obtain custody from a custodial parent." (Punctuation and emphasis omitted.) *In re M. C. J.*[1] There is nothing "which would prevent a juvenile court from considering whether it had jurisdiction over a particular case initiated by a deprivation petition," id. at 549, and "[i]f it appears from an analysis of the pleading that it is actually a disguised custody matter, then it is outside the subject matter jurisdiction of the juvenile courts." Id. at 548.

The original petition for adjudication of deprivation expressly requested that "the children be adjudicated deprived children" and that "the children be placed in the sole legal and physical custody of" appellant. The amended petition for adjudication of deprivation requests that the "children be adjudicated to be deprived children, and that following the adjudication of deprivation, that the Court render such disposition, including an award of custody to a proper person . . . with the Court giving due consideration to any of the Petitioners as possible custodian." Though the amended petition does not specifically seek to have custody taken from the father, the custodial parent, and awarded to appellant, the noncustodial parent,

---

[1] *In re M. C. J.*, 271 Ga. 546, 548 (523 SE2d 6) (1999).

it does seek termination of the father's right to custody of the children and an award of custody to another "proper person," which could include appellant. It is, therefore, as the juvenile court found, a disguised custody matter and outside the jurisdiction of the juvenile court.

We note, as did the juvenile court, that several actions regarding custody of the children are presently pending before the Cobb County Superior Court, including the petition for modification of visitation, the application for contempt seeking visitation, and the emergency petition for change of custody or in the alternative, petition for change and/or modification of visitation, all filed over three years ago. We join the Cobb County Superior Court, as it emphasized in its order denying the motion to recuse Judge Bodiford, in saying

> [appellant] continues to attempt to relitigate the divorce action by inappropriate means. What she needs to do is to prove in the pending Change of Custody Case that it is in the best interest of these children to grant her custody and that she is the proper person to have custody. The divorce was over basically in 1998. The Change of Custody case is already four years old. She needs to cease filing spurious lawsuits and motions.

Instead, she needs to seek a hearing on her pending actions, and thereby avoid an ever more likely sanction for "frivolous, groundless, and abusive litigation."

2. Appellant also argues that the juvenile court judge erred in denying her motion to recuse and disqualify all sitting Cobb County Juvenile Court judges. This Court "employ[s] an abuse of discretion standard in reviewing rulings made upon motions to recuse." *Central of Ga. R. Co. v. Lightsey.*[2]

> USCR [(Uniform Superior Court Rule)] 25.3 requires that a trial judge presented with such a motion [to recuse] temporarily cease to act upon the merits of the matter and make a three-part determination as to the sufficiency of the motion. The court must consider the timeliness of the motion, the legal sufficiency of the accompanying affidavit, and whether recusal would be warranted if some or all of the facts alleged in the affidavit are true. If all three conditions

---

[2] *Central of Ga. R. Co. v. Lightsey*, 198 Ga. App. 59, 60 (1) (400 SE2d 652) (1990).

precedent set forth in USCR 25.3 are not met, the trial judge shall deny the motion *on its face* as insufficient.

(Citation and punctuation omitted.) *Penland v. Corlew*.[3]

The juvenile court denied the motion to recuse on the ground that it failed to allege any legal ground for recusal. We agree. "In order to disqualify the judge, the alleged bias must stem from an extrajudicial source and result in an opinion based on something other than what the judge learned from participating in the case." *Henderson v. McVay*.[4] "[T]he trial judge has the duty to determine whether, assuming the truth of the facts alleged, a reasonable person might conclude that the judge harbors bias, stemming from an extrajudicial source, which is of a nature and intensity as would interfere with the exercise of impartial judgment." (Punctuation omitted.) *Scott v. State*.[5]

The fact set forth in the motion to recuse as support for the claim of bias was the refusal of the Cobb County Juvenile Court to accept appellant's filing of a petition for adjudication of deprivation in June 2002.[6] Assuming the allegation set forth in the motion to be true, the motion was nonetheless substantively deficient because appellant failed to set forth a legally sufficient ground for recusal. The source of the alleged bias is not extrajudicial and the fact that the juvenile court refused to accept appellant's filing of the petition does not come close to showing that a reasonable person would conclude that all the judges of the Cobb County Juvenile Court harbor a bias of such a nature and intensity that it would impede their exercise of impartial judgment. *Scott*, supra. Consequently, the juvenile court judge did not err in denying the motion on this ground alone.

The juvenile court also found in its order that appellant's motion to recuse was facially insufficient because it was not accompanied by an affidavit articulating the grounds upon which the motion is filed as required by USCR 25.1 and 25.2. Certainly, strict compliance with the rule is preferable. We note, however, that in this case the motion to recuse was accompanied by an affidavit certifying that all the facts contained in the motion were true and accurate. In *Birt v. State*,[7] the Supreme Court, repeating the admonition of OCGA § 9-11-8 (f) that

---

[3] *Penland v. Corlew*, 248 Ga. App. 564, 568 (2) (547 SE2d 306) (2001).

[4] *Henderson v. McVay*, 269 Ga. 7, 9 (2) (494 SE2d 653) (1998).

[5] *Scott v. State*, 232 Ga. App. 337, 340 (2) (501 SE2d 255) (1998).

[6] In *Titelman v. Stedman*, 277 Ga. 460 (591 SE2d 774) (2003), the Supreme Court held that the juvenile court judge could not deny the filing of appellant's petition for adjudication of deprivation without signing and filing with the clerk of the court a written order denying filing of the petition.

[7] *Birt v. State*, 256 Ga. 483, 485 (3) (350 SE2d 241) (1986).

"all pleadings shall be so construed as to do substantial justice," held that a motion to recuse, construed together with the affidavit verifying the facts alleged in the motion, was deemed to constitute a substantial compliance with the requirements of USCR 25.1 and case law. (Punctuation omitted.) Of course, the fact that the grounds urged for recusal were legally insufficient was enough to authorize denial of the motion.

Appellant also maintains that the juvenile court erred in not letting another judge conduct the hearing on the motion to recuse. We disagree. As noted above, USCR 25.3 requires that a trial judge presented with such a motion to recuse temporarily cease to act upon the merits of the matter and make a three-part determination as to the sufficiency of the motion with regard to the timeliness of the motion, the legal sufficiency of the accompanying affidavit, and whether recusal would be warranted if some or all of the facts alleged in the affidavit are true. "If all three conditions precedent set forth in USCR 25.3 are not met, the trial judge shall deny the motion on its face as insufficient, and there is no need for the trial judge to assign the motion to another judge to hear." *Gibson v. Decatur Fed. S & L Assn.*[8] Since appellant's motion did not satisfy all the requirements of USCR 25.3, the juvenile court judge was authorized to deny the motion as facially insufficient, not only without having another juvenile court judge conduct a hearing, but also without conducting any hearing.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED SEPTEMBER 13, 2004 — 

Wendy J. Titelman, *pro se.*
*Warner, Mayoue, Bates, Nolen & Collar, John C. Mayoue, Dennis G. Collard, Carrie T. Harris,* for appellee.

[8] *Gibson v. Decatur Fed. S & L Assn.*, 235 Ga. App. 160, 166 (3) (508 SE2d 788) (1998).